Wheblbb, J.
Though it is said to have been once made a question, it is now well settled that sales at auction are within the statute of frauds. The auctioneer may be the agent of both parties. In general he is to be considered as lawfully authorized by the purchaser to sign the contract of sale for him as the highest bidder. ‘‘The writing his name as the highest bidder in the memorandum of sale by the auctioneer immediately on receiving his bid and knocking down the hammer is a sufficient signing- of the contract within tlie statute of frauds so as to bind the purchaser. Entering the name of tixe buyer by the auctioneer in his book is just the same tiling as if the buyer liad written his own name. The purchaser who bids and announces his bid lo the auctioneer gives tiie auctioneer authority to write down his name, and the authority to the agent need not be in writing.” (2 Kent. Comm., 539-49 ; Chit, on Con., 304, 6 Am. Ed.; 2 Const. R., 821; 2 McC. R., 104; 12 Wend. R., 566-7; Long on Sales, (Rand’s Ed.,) 60, 01; 7 Port. R.,73; 3 McC., 458.)
But the auctioneer must make some entry or memorandum in writing of the name of the purchaser and the terms of the sale in order to save the contract., as to the purchaser, from the operation of the statute of frauds. The contract must be evidenced by some “ memorandum thereof ” in writiug, and “signed by the party to be charged therewith, or some person by him thereunto lawfully authorized.” (I-Iart. Dig., art. 1451.)
Ho such entry or memorandum appears to have been made by the auctioneer in the present case. The contract was not, therefore, obligatory upon the purchaser, and unless it had been so at the time he could not be compelled afterwards to accept a conveyance and pay the purchase-money. The subsequent tender of a conveyance by the vendor could not render a contract void under the statute when made obligatory upon the purchaser. Unless the contract liad been valid and binding upon the parties at the time it could not be rendered so by any subsequent act of one of them.
It is clear that upon the evidence the plaintiff was not entitled to recover. The judgment is therefore reversed and the cause remanded for further proceedings.
Judgment reversed.