JAMES BOZZA, Plaintiff in Error, *v.* JOHN ROWE, Administrator of James Rowe, Defendant in Error.

### ERROR TO MADISON.

Sales of real estate by an administrator, are within the provisions of the statute of frauds and perjuries, and cannot be enforced, unless there is a memorandum of the sale signed by him.

The refusal, by a vendor, to sign a memorandum in writing, is not a fraud, so as to take the case out of the operation of the statute of frauds.

THIS was a bill in chancery filed by plaintiff in error, in the Madison Circuit Court, to compel a specific performance of a sale made by defendant in error, as administrator of James Rowe, deceased.

The bill alleges that Rowe, as administrator of his brother, James Rowe, deceased, obtained an order of the probate court to sell lands to pay debts. He offered the land for sale, and the complainant bid, and the property was struck off to him, as being the highest and best bidder.

That afterwards complainant applied to Rowe to make a deed in pursuance of the sale, offering to perform on his part, in accordance with the terms on which the land was sold, and that Rowe refused to make the deed. The prayer of the bill is for specific performance, and for other relief.

There was no memorandum in writing of the sale.

The defendant pleaded the statute of frauds and perjuries.

The court dismissed the bill, and rendered judgment against the complainant for costs.

The errors assigned, are :

The court erred in sustaining the plea.

The court erred in dismissing the complainant's bill.

The court erred in rendering judgment against the complainant for costs.

SETH T. SAWYER, for Plaintiff in Error.

DAVIS & BAKER, for Defendant in Error.

The sale in this case was within the statute of frauds, and

to make it binding on the defendant Rowe, there should have been a memorandum in writing of the sale as required by the statute of frauds, and signed by said defendant or his agent. 5 Mason, 114.

The English doctrine, which formerly provided that sales of lands by masters in chancery under decree of court were not within the statute of frauds, has been overruled in this country, and the doctrine now universally obtains in this country that sales by masters, and sheriffs' and all judicial sales, are within this statute. 2 Parsons on Cont., 293, note R; *Simond* v. *Catlin*, 2 Cains, 61; *Jackson* v. *Catlin*, 2 Johnson, 248; *Ennis* v. *Waller*, 3 Blackford, 472; *Robinson* v. *Garth*, 6 Alabama, 204; *Barry* v. *Patterson*, 6 Harris & Johnson, 182; *Christie* v. *Simpson*, 1 Richardson, 40; *Elfe* v. *Gadson*, 2 Richardson, 373; *Evans* v. *Ashley*, 8 Missouri, 177; *Alexander* v. *Murry*, 9 Ind. 514; *Stewart* v. *Garvin*, 31 Ind. 36.

The neglect or refusal of the defendant to make and sign a written memorandum of the sale, was not a fraud on the part of the defendant of which this court can take cognizance. Law Library, vol. 69, top page 132, sec. 382.

It is not necessary that an answer denying the agreement should accompany the plea of the statute of frauds; the plea of itself is sufficient. Law Library, vol. 69—Fry on Specific Performance—top page 122, paragraph 333; Story's Equity Pleading, page 720, paragraph 763.

The party who fails is liable for costs. Dart on Vendors, 359.

WALKER, J. Is a sale of real estate at auction by an administrator, under a license of the court, within the statute of frauds and perjuries? The property in controversy was offered and struck off to plaintiff in error, as the highest and best bidder. No memorandum in writing was made and signed by the administrator, to evidence the sale. The defendant in error, on an offer by the purchaser to comply with the terms of the sale, refused to make a conveyance, and this bill was exhibited, to compel a specific performance of the contract.

It is insisted that this sale is precisely the same as a master's, and that as his need not be evidenced by writing, an administrator's may be enforced, although only verbal. If it be true that a master's sale need not be in writing, still it does not follow, that the same rule governs this class of cases. The master is the mere instrument of the court, acts under its directions, and is subject to its control. The master is employed to carry out the decree of the court, and his acts under the decree, when regular, are considered those of the chancellor. But if he was not, still the biddings at his sale are not binding, and cannot be enforced until approved by the court. On the contrary, under the law authorizing the sale of real estate to pay the debts of deceased persons, the law and a decree under it only permits and empowers the administrator to make the sale. The law does not seem to contemplate that the administrator shall sell the property at all events. It only authorizes the sale of such portions as may be necessary to pay the debts.

If it is discovered, after obtaining the decree, and before a sale is completed, that it is not required, the administrator may certainly refuse to proceed under the decree. If after the decree is rendered, the heirs, to preserve the real estate, were to advance the means necessary to pay the debts, or other assets should be discovered sufficient for the purpose, at any time before the sale was consummated, the administrator would have the right, and it would be his duty, to refuse to proceed. The act would then become unnecessary, and for that reason would not be required by the law. As the administrator is vested with such discretion under the law, we are of the opinion that his sales are within the provisions of the statute of frauds and perjuries.

It is also insisted, that when a vendor is guilty of fraud, the case is taken out of the operation of the statute, and that this case falls within that rule. This rule certainly applies in all cases where the fraud of the vendor is of that character that injury and loss must result to the purchaser, for which he cannot be compensated unless the agreement is executed. In that class of cases, the law will execute the agreement, not-

withstanding it is not in writing, because it will not permit its provisions to be employed to perpetrate fraud, which the statute was designed to prevent. But we are aware of no case, nor has any been referred to, that has gone the length of holding that it is a fraud, taking the case out of the statute, to simply refuse to execute a verbal agreement for a sale, where the purchaser has paid no portion of the purchase-money, made no lasting and valuable improvements, and has not been let into possession. This bill only shows, that the property was offered, struck off to the plaintiff in error, and on his offer to comply with the terms of the sale, defendant in error refused to convey. This case is in principle precisely the same as any other in which the vendor refuses to execute a verbal agreement for the sale of real estate, where there is not a part performance. The decree of the court below must be affirmed.

*Decree affirmed.*