### A. I. RUGELY v. S. S. MOORE, SHERIFF, AND A. H. PIERCE.

Decided December 8, 1899.

**1.  Statute of Frauds—Sheriff's Sale—Specific Performance.**

An execution sale of realty is within the statute of frauds, and one whose verbal bid at the sale was not accepted, although the highest made, can not have specific performance in the absence of some written memorandum, in the officer's return or otherwise, showing the bid.

**2.  Same—Remedy—Vacating Sale.**

The remedy of the unaccepted bidder is by motion or other proceeding in equity to vacate and set aside the sale.

APPEAL from Matagorda.  Tried below before Hon. WELLS THOMPSON.

*F. J. & R. C. Duff,* for appellant.

*W. S. Brooks, Proctors,* and *Hamilton & Carpenter,* for appellees.

GILL, ASSOCIATE JUSTICE.—This suit was brought by A. I. Rugely against S. S. Moore, as sheriff of Matagorda County, and A. H. Pierce as the pretended purchaser of certain lands sold by said sheriff at public sale on the 7th day of February, 1899.  The petition by proper averments sets up the rendition and existence of a judgment in favor of A. H. Pierce and against Annie Bateman Rugely and others for about $10,000, and the foreclosure of a mortgage lien upon the property in controversy in this suit.  It also by averments sets up the issuance of an order of

sale, the levy of same on and legal advertisements of said property for sale, on the 7th day of February, 1899. Appellant further averred, in substance, that thereafter, during lawful hours, S. S. Moore, acting as sheriff, did, in pursuance of the order of sale, offer· for sale at public outcry the land described in the order of sale. That appellant, being personally present, bid the sum of $3000 for the land. That said bid was heard and cried by the sheriff, and that no other and higher bid was thereafter made. That the bid so made was the highest and best bid for said land, and the sheriff well knew of appellant's solvency and ability to comply with said bid. That appellant by said bid offered and tendered the amount of the bid and was ready and prepared to pay same. That thereby the land was sold to appellant, and he became entitled to a deed therefor. That notwithstanding these facts, the sheriff, for some reason unknown to appellant, thereafter executed a deed for said land to A. H. Pierce, the plaintiff in the judgment, and credited upon said order of sale $2500, the highest bid of said Pierce. That appellant's bid being the highest and best bid, and having been received and cried by the sheriff, he became as a matter of law the purchaser, and it only remained for the sheriff to perform the ministerial duty of making him a deed and indorsing a proper return on the order of sale. That the sheriff returned the order of sale showing a sale to Pierce for $2500. He prayed for mandamus to compel the sheriff to make the proper deed to appellant, and to make return in accord with the facts alleged, and for cancellation of the deed to Pierce. Appellees answered by general and specific denials. The execution defendant was not made a party to the suit. From a judgment in favor of appellees, appellant perfected this appeal.

It was admitted that the only deed executed by the sheriff in pursuance of the sale was the deed to Pierce, and the return was in accordance with the terms of the deed, and that there was no memorandum in writing tending in any way to show that appellant was the purchaser or had made any such bid. The only evidence offered in support of appellant's claim was his own, to the effect that he was present at the sale and bid the sum of $3000. That same was received and cried by the sheriff; was the highest and best bid, and that no bid was thereafter made. That appellant demanded a deed and tendered the money, and the sheriff refused to execute the deed so demanded.

This evidence was objected to by appellees as incompetent, because such proof can only be properly made by some memoranda in writing, and was inadmissible by reason of the statute of frauds. The objection was sustained by the court. Appellant offered no further proof, and here contends that this action of the court was error for which the judgment should be reversed. This contention is urged upon the grounds (1), that Pierce, being a stranger, could not invoke the statute of frauds; (2) that the statute has no application to a case involving an effort to compel a sheriff to execute a deed to realty in accordance with the facts actually occurring at the sale.

The fact that the sheriff, Moore, also invoked the statute of frauds is sufficient answer to the first ground upon which the assigned error is based. The second presents a more difficult question. Authorities are not wanting to sustain the contention that a sheriff may be compelled by mandamus to execute a deed to the purchaser of realty at execution sale. Wait, Act. and Def., 374; Van Rensellaer v. Sheriff, 1 Cow., 501. But these authorities seem to have been based upon cases where there was some written memorandum evidencing the sale to and purchase by the person seeking relief.

That sales of realty under execution or order of court are within the statute of frauds is not an open question. McGinnis v. Oil Co., 18 So. Rep., 459; Bozza v. Rowe, 30 Ill., 198; Miller v. Dawson, 20 Texas, 171; Brock v. Jones, 8 Texas, 79; 2 Freem. on Ex., sec. 299.

If a sheriff refuses to receive a bid and sells in disregard of it, the bidder may, by a proceeding in equity, vacate the sale and compel the bidding to be resumed at the point where his bid was refused. No one can be a purchaser at execution sale except he be the highest and best bidder, and a certificate of sale issued to one not a bidder has been held void. 2 Freem. on Ex., secs. 293, 326.

The remedy of the unaccepted bidder was by motion or other proper proceeding to vacate the sale, and not by suit for specific performance. The cases cited holding that the making of the deed is ministerial, and that the deed is not necessary to secure the purchaser's right, are not believed to be in conflict with the doctrine here announced. In the absence of a deed or other memorandum made at the time, the officer's return showing the sale would be sufficient, but some written memorandum, either in the form of a return or otherwise, is necessary.

We are of opinion that the court correctly excluded the proffered evidence. The judgment is affirmed.

*Affirmed.*