## COFFMAN v. BRANNEN et al.

### No. 3831.

Court of Civil Appeals of Texas. Amarillo.

June 1, 1932.

W. W. Kirk and C. D. Russell, both of Plainview, for appellant.

T. Wade Potter and E. S. Rowe, both of Littlefield, and Bledsoe, Crenshaw & Dupree, of Lubbock, for appellees.

HALL, C. J.

The appellee Brannen owned the Motley county school lands situated in Bailey county, Tex., subject to an incumbrance for part of the purchase money due Motley county. On August 31, 1922, he sold the land to T. W. Coffman, who, as part consideration therefor, executed ten purchase-money notes in the sum of $736.58 each, payable to Brannen on or before January 1, 1924 to 1933, respectively. The interest rate was 6 per cent. with the usual accelerating clause and provision for 10 per cent. attorneys' fees. A vendor's lien was expressly retained upon the land to secure the payment of the notes. November 26, 1925, Coffman and wife procured the Federal Land Bank of Houston to take up and extend, with other indebtedness which they had failed to pay, notes Nos. 3 and 4 and a part of note No. 5 of the series above mentioned, and executed a deed of trust upon all of the land to secure their indebtedness to the land bank. On the same date Brannen transferred the notes so extended to the bank and agreed that the balance of his indebtedness should be postponed to said notes so transferred and become a second lien. Coffman having defaulted in two semi-annual installments, Brannen paid the amounts thereof to the bank, and on January 7, 1931, said bank transferred and assigned to Brannen all of its rights, liens, and equities in and to the land, and on January 12, 1931, E. S. Rowe was duly appointed as substitute trustee under the provision of the trust deed to sell the land in satisfaction of the two installments so paid by Brannen. Notes Nos. 6, 7, and 8, which matured January 1, 1929, 1930, and 1931, were past due and unpaid, as well as the interest installments on all the notes due January 1, 1931. The remaining notes were all declared to be due.

On March 20, 1931, Brannen filed this suit. the first count of his petition being a formal action of trespass to try title to all of the lands which he had sold Coffman. The second count of the petition sets up the facts hereinbefore alleged and the further allegation that he had paid taxes due upon the land in the sum of $675.76. He prayed for the recovery of his debt and foreclosure of his liens.

The appellant, Coffman, answered by a plea of not guilty, general denial, claim of homestead upon 200 acres of the land, admitted the execution of the notes sued upon, and alleged that he had procured from the Federal Land Bank a loan in the sum of $9,300, part of which had been applied to the payment of notes Nos. 3, 4, and $180 of note No. 5, belonging to appellee, and the balance applied to the payment of purchase money due on the land to Motley county. He admitted the execution and delivery of the trust deed to the Federal Land Bank, and his failure to pay the interest installments due January 1,

1930 and 1931. He further set up the transfer of the interest installments to appellee by the bank after his default in the payment of the interest; that about January 1, 1931, the trustee named in the deed of trust had appointed E. S. Rowe of Lamb county as substitute trustee; that appellee had requested Rowe to advertise and sell the land in satisfaction of the interest installments; that the substitute trustee did advertise, and on February 3, 1931, sold the land under the deed of trust. Coffman further alleged that he had requested Rowe, as provided by the deed of trust, to sell the excess land before selling the 200 acres which he claimed as a homestead; that Rowe offered the excess land first, for which appellee bid the sum of $6,000; that Rowe then offered the homestead for sale over appellant's objections, which was bought by appellee for the sum of $5,000; that no memorandum in writing, as required by the statute of frauds, was made of either sale; that thereafter appellee Brannen had the substitute trustee Rowe to again advertise the property for sale in satisfaction of said two interest installments, which Rowe did, and on March 3, 1931, Rowe again sold the excess land to appellee for the sum of $250 and the homestead for $250, and executed trustee's deeds conveying said land to appellee. Appellant prayed that appellee take nothing by his suit, and that the five vendor's lien notes, together with the deed conveying the homestead, be cancelled.

By second supplemental petition, the appellee alleged that, if any sale took place as alleged by Coffman on February 3, 1931, the sale was of real estate and an interest therein, and that the offer for said property and the bid, if any, were verbal, that the acceptance of said bid was verbal, and that no written memorandum of the sale was made by any one, nor did appellee authorize any written memorandum thereof to be made, and therefore the sale was in violation of the statute of frauds and void. He further alleged in the alternative that on February 3, 1931, when the first sale was made by the trustee, appellant requested appellee and the trustee to give him an extension of time for thirty days and he would pay all additional cost of advertising; that it was finally agreed that the sale would be considered a nullity and no attempt would be made to consummate it, but the said Coffman would be given thirty days additional time, which was done, and Coffman was permitted to remain in possession of the premises and made efforts to sell the same, listing it with real estate agents, and never at any time claimed to appellee that the alleged sale of February 3d was binding or effective, and by reason thereof appellant is estopped to seek to enforce the terms of the alleged sale of February 3, 1931; that at the end of said thirty days the land was again sold under proper advertisement by the trustee and bought in by the appellee.

We deem this a sufficient statement of the pleadings, though other facts not material to a decision of the issues presented were set up by both sides.

The court instructed the jury to return a verdict in favor of Brannen for the amount of his debt in the sum of $5,988.04 against Coffman, and a foreclosure of the vendor's lien against Coffman and his co-defendants Panhandle Lumber Company, Higginbotham Bartlett Company, and Homer Snowden. The vendor's lien was foreclosed for the sum of $4,510.10, and the deed of trust lien for the sum of $1,477.94. The court further instructed the jury to find against Coffman on his cross-action against Brannen and Rowe.

From a judgment entered in accordance with the verdict, this appeal is prosecuted.

The first proposition urged is: "Under his formal allegations of trespass to try title, appellee proved a completed sale of the land by the trustee at appellee's request, which was an election to proceed under the deed of trust so that the Court was not authorized to instruct the jury to find for appellee the amount shown to be due on the notes, the two installments paid by appellee to the Federal Land Bank and the taxes and a foreclosure of the liens on the land, and the judgment rendered on such verdict is erroneous."

■ According to the record the attempted sale by the trustee on February 3, 1931, is a nullity, because of a failure to comply with the requirements of the statute of frauds. The statute of frauds applies to sales made by trustees under powers of sale in mortgages. Rugely v. Moore, 23 Tex. Civ. App. 10, 54 S. W. 379; Dawson v. Miller, 20 Tex. 171, 70 Am. Dec. 380; Brock v. Jones, 8 Tex. 78.

■ When the evidences of debt were transferred by the Federal Land Bank to Brannen after his payment of the installments in order to protect his interest in the property, he was subrogated to the rights of the bank. The mortgage which Coffman and wife gave to the bank to secure the loan of $9,300, provides that the bank "or its assigns shall have and it is hereby given the right to sell the property herein conveyed in satisfaction of such defaulted payment without declaring the whole debt due." It further provides that such sales shall not in any manner affect the unmatured part of the debt secured by this deed of trust, but as to such unmatured part, this deed of trust shall remain in full force and effect just as though no sale had been made under the provisions of this paragraph.

■ It is held in Texas that an election of remedies arises where a party has two or more inconsistent remedies and chooses to exercise one of them; in which case he abandons his right to exercise the other remedy or remedies.

In B. F. Avery & Sons v. Texas Loan Agency (Tex. Civ. App.) 62 S. W. 793, it is held that where a creditor secured by a trust deed authorizing the trustee to sell the property on the grantor's default, forecloses his lien by suit and has the property sold at foreclosure sale, such suit is an election of remedies, and he has no power to have the property resold by the trustee under the power contained in the instrument.

 As said in Gandy v. Cameron State Bank (Tex. Civ. App.) 2 S.W.(2d) 971, 973: "While there is some diversity of view among the decisions of other states upon the subject, the holding in this state is that judicial foreclosure and foreclosure under a power are remedies which cannot be prosecuted concurrently, and institution of the former constitutes an election of remedies and precludes subsequent resort to the latter." Terry v. Witherspoon (Tex. Civ. App.) 255 S. W. 471, 477; Holland Texas Hypotheek Bank v. Broocks (Tex. Civ. App.) 266 S. W. 183, 187.

According to the record before us, the second sale made by the substitute trustee Rowe was valid. This seems to be conceded, but this sale was made for the purpose of paying only the amount of the indebtedness which had been due the land bank and which Brannen had paid, together with certain taxes paid by Brannen, aggregating, as shown by the judgment, $1,477.94. Since the second sale included all of the land, the plaintiff, in the light of the record, was entitled to recover in trespass to try title under this sale, and that portion of the judgment which forecloses the mortgage lien is invalid because the remedy is inconsistent with the remedy theretofore exercised by the trustee in selling under the power. The provision of the mortgage above quoted to the effect that a sale made for the purpose of paying one or more semi-annual payments should not in any manner affect the unmatured part of the debt secured by the deed of trust, but as to such unmatured part the deed of trust should remain in full force and effect just as though no sale had been made, exempts the vendor's lien evidenced by the notes remaining in the hands of Brannen from the effect of the rule declared in the above cited cases and as to the remainder of the debt, we think the appellee was entitled to a foreclosure of his vendor's lien.

The court erred in not instructing the jury to find for appellee on his action in trespass to try title. The liens foreclosed were for amounts representing the unpaid purchase money, and Coffman could acquire no homestead rights until the purchase money had been paid. Since the first attempted sale was void, appellee's bid of $6,000 was of no effect, and since the mortgage provided that the proceeds of sales made thereunder should be applied to the payment of the indebtedness against the land, which we construe to mean the purchase money due Motley county and the land bank, and for the further reason that the amounts bid were not sufficient to extinguish the indebtedness against the land, there would have been, if the sale was valid, no excess over the indebtedness to which Coffman would be entitled. As we understand the record, his equity of redemption has been extinguished. There are no facts which would estop the appellee from claiming that the first attempted sale is a nullity. The second proposition is therefore overruled.

There is no evidence to sustain the third proposition which is to the effect that appellee wrongfully bid $6,000 on the land in excess of appellant's homestead to prevent and hinder others from bidding and then had the trustee to readvertise and sell the land for a nominal sum. The testimony of Sterling and Rowe relating to the first sale, which according to the record is a nullity, was immaterial, and the court did not err in excluding it.

The judgment as rendered, while technically erroneous, is without prejudice to Coffman or to any substantial right which he could assert. Appellate courts will not reverse a case for error where the result would have been the same if the error had not been committed, or where the losing party is not entitled to recover in any event.

Burton v. McGuire (Tex. Civ. App.) 3 S. W. (2d) 576; White Point O. & G. Co. v. Dunn (Tex. Civ. App.) 18 S.W.(2d) 267; Tinsley v. Mays (Tex. Civ. App.) 251 S. W. 577; Toland v. Stroud (Tex. Civ. App.) 36 S.W.(2d) 769; Norvell v. Phillips, 46 Tex. 161; 3 Tex. Jur. §§ 873, 874.

Affirmed.