**CAMPDERA et al. v. REED et al.**

No. 10790.

Court of Civil Appeals of Texas. Galveston.

June 15, 1939.

Rehearing Denied July 13, 1939.

Prendergast & Stiglich, of Galveston, for appellants.

298

Follett & Henderson and John C. Henderson, all of Angleton, for appellee Mrs. Lou A. Reed.

Carl Runge and J. V. Wheat, both of Houston, for appellee Federal Land Bank.

Nelson Jones, of Houston, for appellee Humble Oil & Refining Co.

Masterson & Bryan and Carlos B. Masterson, all of Angleton, for appellee Hiram Moore.

CODY, Justice.

The court sustained a general demurrer to plaintiffs' original petition, and upon their refusal to amend, entered judgment dismissing the suit. The plaintiffs below are, of course, appellants here. And the sole question before us is whether the allegations of the petition, together with every reasonable intendment of which such allegations are capable of bearing, were sufficient to state a cause of action good in law against appellees.

The petition in question covers some 46 pages of the transcript, so only the substance of the material allegations will be given. In this petition the pleader primarily assails the validity of certain trustee's sales, held under certain deeds of trust; and then pleads in trespass to try title. The facts plead with reference to the trustees' sales are these: That defendants Mrs. Lou A. Reed and her husband (since deceased) borrowed from defendant, the Federal Land Bank of Houston, the sum of $10,000, as evidenced by their note dated May 20, 1918, the payment of which note was secured by their deed of trust to M. H. Gossett, Trustee, on a certain 841.69 acres in Brazoria County (such deed of trust is copied in the petition); that W. F. Reed on January 5, 1927, conveyed this 841.69 acres to his wife, the defendant Mrs. Lou A. Reed (such deed is copied in the petition); that on April 12, 1929, plaintiff N. Estrada, husband of plaintiff, M. Estrada, bought from Mrs. Lou A. Reed the 841.69 acres, and as part of the consideration assumed the balance then owing on the aforesaid $10,000 note payable to the order of the Federal Land Bank, and as additional consideration gave his two notes for $2,706.50 each, payable to the order of W. F. Reed and Mrs. Lou A. Reed, and to secure the payment thereof a vendor's lien was retained in the deed of conveyance (which deed of conveyance is itself copied into the petition); and to additionally secure the payment of the two

notes for $2,706.50 each, a deed of trust was given by N. Estrada to Lewis H. Follett, Trustee, covering the 841.69 acres to plaintiff A. Campdera by deed dated March 7, 1932, for $1 and other valuable considerations; that A. Campdera conveyed his fourth interest to his wife, plaintiff Sibyl E. Campdera, on March 7, 1932 (and this deed is also in his verbis in the petition); that on May 9, 1929, N. Estrada conveyed a half interest in the land to his wife, plaintiff M. Estrada, as her separate property (and this deed of conveyance is also set out in the petition); that upon the refusal of Lewis H. Follett to act as trustee, W. F. Reed, now deceased, without the joinder of his wife, appointed E. C. Evans as substitute trustee, who proceeded to hold a foreclosure sale, as substitute trustee. That such foreclosure sale is void, because—

(a) Mrs. Reed did not join in the request to Lewis Follett.

(b) Mrs. Reed did not join in the appointment of E. C. Evans as substitute trustee.

(c) That Evans acted without being properly appointed and properly authorized under the provisions of the deed of trust, and the foreclosure was in violation of the terms of said deed of trust.

(d) The sale was made for an inadequate consideration.

(e) Proper notices of sale were not properly posted as required by the deed of trust, and the laws of Texas.

(f) The sale was not made at the proper place.

(g) The sale was not made at the proper time.

(h) There was no sale in fact made.

(i) If any sale took place, the offer and acceptance were verbal, and no memorandum of the sale was made, and so was in violation of the statute of frauds, and void.

Further, it is alleged, that W. F. Reed bid in the land for $2,000 at such substitute trustee's sale, and that Mrs. Lou A. Reed, because of the foreclosure sale to W. F. Reed, now deceased, caused plaintiff N. Estrada to believe that the title to the property was in her because of such foreclosure sale, and then, joined by her husband, W. F. Reed, reconveyed the property to him (N. Estrada) by deed dated April 6, 1933 (which deed is also set out in the petition), upon consideration specified in such reconveyance, inclusive of the assumption of the unpaid portion of the

Land Bank $10,000 note. That plaintiff, N. Estrada, gave a deed of trust on the 841.69 acres to secure the payment of his notes described in the deed of reconveyance also to Lewis H. Follett, Trustee (and this deed of trust is set out). The allegation of the petition as to the sale which was held under this deed of trust was that it was void—void first because of the voidness of the sale held under the deed of trust by Substitute Trustee Evans, and second, upon practically the same grounds that were set forth as reasons why the sale held by the Substitute Trustee Evans was void.

The pleader then goes on to allege defendant, The Federal Land Bank of Houston, enforced foreclosure procedure under the deed of trust given by defendant, Mrs. Lou A. Reed, and her husband, W. F. Reed, now deceased, that the defendant, the Federal Land Bank of Houston, appointed A. C. Williams as Substitute Trustee, who appointed defendant, G. A. Barth, agent and attorney in fact, and that the said Substitute Trustee by his agent and attorney in fact proceeded and foreclosed under its deed of trust, and sold the land to the Land Bank for $5,000; and delivered it a trustee's deed thereto, which deed is, by reference, made a part of the petition. The pleader then assails the sale so held upon practically the same grounds as he had theretofore alleged against the sale made by Substitute Trustee Evans, and for the further reason that G. A. Barth was disqualified to act because he was then an officer of an association known as "Angleton National Farm Loan Association", the function of which association is primarily for the purpose of looking after the benefit of its members in matters of loans from the Land Bank, and N. Estrada was a member of such association, and by his act G. A. Barth in enforcing the sale for the Bank acted fraudulently to the detriment of plaintiffs; and that there was collusion between Barth and the other defendants to prevent fair bidding, and plaintiffs could have leased the land for oil and gas except for being prevented by the fraud and collusion of defendants.

The pleader then goes on to allege that the Land Bank, after its foreclosure sale, conveyed the 841.69 acres to defendant Hiram Moore, by delivering him a general warranty deed showing the land was conveyed to him for $8,418.90, on February 4, 1935, which deed by reference is made a part of the petition; that the deed had no force or effect for the Land Bank had no title to the land, and that Hiram Moore was not an innocent purchaser for value, because from the instruments on record he could and should have known that the Land Bank acquired no title by its foreclosure sale under its deed of trust. The pleader then makes allegations sounding in trespass to try title, and also alleges that defendant G. A. Barth, agent and attorney in fact for the appointed Substitute Trustee, by the Land Bank, had, together with the defendants, Mrs. Lou A. Reed, Hiram Moore, and the Land Bank entered into a conspiracy to oppress and take unfair advantage in an attempt to dispossess plaintiffs from said land. And Hiram Moore leased the land for oil and gas to defendant Chas. Fowler, Jr., February 22, 1935, who assigned such lease to defendant Humble Oil & Refining Company, who are claiming certain rights in the 841.69 acres, which are junior and inferior to those of plaintiffs. The pleader then alleges that a suit was brought by Mrs. Reed against Hiram Moore and others in the district court of Brazoria County to recover the land in question, and that it was settled, and that all this was a fictitious device to defraud plaintiffs of the land.

The prayer of the petition is that the foreclosure sale enforced by W. F. Reed, now deceased, be held null and void, and that the trustee's deed thereunder be cancelled; and so of each of the other two foreclosure sales. Also the deed to Hiram Moore is asked to be cancelled; and the removal of all clouds from title is asked for; and the reasonable rental value of the property is asked for; and concludes with this language: "and that in the event of any mortgage indebtedness be due either and/or both, the said defendants, Mrs. Lou A. Reed, and the said defendant, The Federal Land Bank of Houston; and not barred by limitation, to accept plaintiffs' tender of both principal and interest, and declare said mortgage and/or mortgages paid and satisfied; and that plaintiffs recover all loss, cost of expense and damage to plaintiffs, in the sum of Ten Thousand ($10,000.00) Dollars, and for such other and further relief * * *."

This case appears to be a recrudescence of the case of Estrada v. Reed et al., Tex. Civ.App., 98 S.W.2d 1042, 1045, writ of error refused. As appears from the statement of facts in that case, Estrada sought to void the same deeds of trust there, as

here. In that case the same trial court that sustained a general demurrer to plaintiff's petition, sustained the general demurrer in this case. There the court held:

"The appellant's contention, that the court erred in sustaining a demurrer to his petition since he had alleged that the 'Bank foreclosure' was void because the sale failed to comply with the statute of frauds under a power of sale in mortgages, is but a conclusion of the pleader based upon no facts disclosed in his petition, and is, therefore, overruled.

■ " 'That a mere legal conclusion of the pleader will not stand as against a general demurrer, is well settled by the decisions of our Supreme Court.'. [Authorities.]

■ " 'A court is not at liberty to read into a pleading which merely states a conclusion of law, the facts necessary to raise the issue to support such conclusion.' [Authorities.]"

■ Testing the allegations that the sale of the property under the deed of trust securing the payment of the first set of Reed notes, which sale was made by Substitute Trustee Evans, was void, by this holding, it appears at once that allegations (d), (e), (f), (g), and (h) are mere conclusions, and the court was not at liberty to read into them the facts necessary to raise the issues to support such conclusions. With reference to allegation (i)—that if any sale took place, the offer and acceptance were verbal, and no memorandum of the sale was made, and so was in violation of the statute of frauds, and void—it cannot be sustained, because the pleader expressly shows that the substitute trustee did make, execute, and deliver a deed to the buyer at such sale. What is true with reference to the stated allegations applying to the sale by the substitute trustee Evans, applies equally when they are repeated with reference to the other foreclosure sales. Allegations (a), (b), and (c) with reference to Mrs. Reed not joining in the request to Lewis Follett, are fact allegations. However, the lien which Substitute Trustee Evans undertook to foreclose was inferior to the lien which the Land Bank foreclosed, and no defects in such foreclosure could affect the validity of the Land Bank's superior lien, or the foreclosure thereunder.

It follows from what we have said about the allegations relative to the foreclosure sale held by Substitute Trustee Evans, that the trial court correctly sustained the demurrer to the allegations as to the voidness of the foreclosure of the Land Bank's lien.

■■ The use of formal averments of trespass to try title in the petition will not save it from the general demurrer because plaintiffs have plead their title specially. In other words, it was not necessary for plaintiffs to plead their title specially, but having done so they will be confined to the title pled, and if their allegations are not sufficient to show a good title, a general demurrer will be sustained. National Lumber & Creosoting Co. v. Maris, Tex. Civ.App., 151 S.W. 325; Gatewood v. Graves, Tex.Civ.App., 241 S.W. 264; Snyder v. Nunn, 66 Tex. 255, 18 S.W. 340; Herndon v. Hayter, Tex.Civ.App., 28 S. W.2d 885. And see Barnhart v. San Antonio Joint Stock Land Bank et al., Tex. Civ.App., 124 S.W.2d 207. It furthermore appears from the allegations of the petition that plaintiffs (appellants) are out of possession and are suing the vendor (or his successor in interest), who is in possession; and they admit that the purchase price has not been paid, and plead limitations. Of course the vendee out of possession cannot recover without paying the purchase money due, even should it be barred. Crafts v. Daugherty, 69 Tex. 477, 6 S.W. 850; Barker v. Temple Lumber Co., 120 Tex. 244, 37 S.W.2d 721; McPherson v. Johnson, 69 Tex. 484, 6 S.W. 798; Benn. v. Realty, etc., Co., Tex.Civ.App., 54 S.W. 2d 146.

■ Where a sheriff refused to comply with an oral bid made at a foreclosure sale, the statute of frauds, Vernon's Ann. Civ.St. art. 3995, would protect him. Rugely v. Moore, 23 Tex.Civ.App. 10, 54 S.W. 379. But it has never been held that where an oral bid has been complied with, and a deed delivered, that the statute of frauds has any applicability.

We affirm the judgment of the trial court.

Affirmed.