**BROWN et ux. v. JARRARD et al.**

No. 11739.

Court of Civil Appeals of Texas. Galveston.

Nov. 1, 1945.

Rehearing Denied Nov. 29, 1945.

Otis Scruggs, Jr., of Houston, for appellants.

Harvey T. Fleming, of Houston, for appellees.

MONTEITH, Chief Justice.

This suit was brought by appellants, Earl Brown and wife, Willie Brown, in statutory form of trespass to try title for the recovery from E. J. Jarrard and R. T. Bell and wife, Clomie Bell, the title to and possession of Lot 13, Block 1, of the W. E. Carter Third Addition to the City of Houston, Harris County, Tex., and for the removal of a cloud alleged to have been cast upon appellants' title thereto by a trustee's deed conveying the property in controversy to appellee, E. J. Jarrard.

In a trial before the court without a jury judgment was rendered that appellants take nothing by their suit. Findings of fact and conclusions of law were prepared and filed by the trial court.

This case was tried under the following stipulated facts: The E. J. Jarrard Investment Company, the common source under which both appellants and appellees claim title, conveyed the property in controversy to Earl Brown and Willie Brown by deed dated November 23, 1934. The appellants executed two notes of respectively $684 and $171 as a part of the consideration for said property. The notes were payable in installments and were secured by vendor's and deed of trust liens on said property. The deed recited that the note for $684 was prior and superior to the note for $171. The $684 note was later assigned to the Home Owners Loan Corporation, the assignment reciting that it was prior and superior to said note for the sum of $171, and the $171 note and the lien securing it were assigned to E. J. Jarrard, individually.

Deeds of trust were executed by appellants to secure the payment of said notes.

On July 1, 1939, appellants were delinquent on the $684 note and the Home Owners Loan Corporation gave notice to both appellants and appellee, E. J. Jarrard, of its intention to foreclose its deed of trust lien.

On July 7, 1939, appellants were delinquent on the $171 note and E. J. Jarrard, its owner and holder, declared said note due and notices of sale under the deed of trust were posted. On August 1, 1939, the

property was conveyed to E. J. Jarrard by trustee's deed under said deed of trust.

Appellee, E. J. Jarrard, has paid all delinquencies due the H.O.L.C. on said $684 note and all delinquent taxes due on said property.

It was stipulated that appellee, E. J. Jarrard, has had possession of the property in controversy and has collected rents from his tenants, R. T. Bell and Clomie Bell, thereon since August 14, 1939.

The trial court found that appellee, E. J. Jarrard, was in possession of the property in controversy through his tenants, and that appellants had made no tender of the amounts admittedly owing by appellants to him.

Appellants contend that said second lien note for the sum of $171, owned and held by appellee, E. J. Jarrard, was invalid and that the lien securing its payment was ineffective, for the alleged reason that the trustee's sale of the property in controversy was in violation of the Home Owners Loan Act of 1933, 48 U.S.Statutes at Large, 128, 12 U.S.C.A. § 1461 et seq.

While we have been cited to no case of parallel facts decided by the courts of this State involving a second mortgage lien under the Home Owners Loan Act and have found none, the question has, we think, been decided by the Court of Appeals of Tennessee in the case of Kivett v. Cardwell, 26 Tenn.App. 372, 175 S.W.2d 334, 337, certiorari denied by the Supreme Court, under a similar state of facts. In that case it was held that under the Home Owners Loan Act the Board of Directors of the corporation was expressly empowered to make such by-laws, rules and regulations, not inconsistent with the provisions of the Act, as might be necessary for the proper conduct of the affairs of the corporation and that said power had been exercised by numerous resolutions of the Board which have evidenced a consistent purpose not to participate in the refinancing of mortgages where an effort has been made to cause the owner to pay more than his debt, with legal interest. In its opinion the court said; "We think it may be fairly held that when it is shown that H.O.L.C. had knowledge of the fact that the proposed plan of rehabilitation included the execution of a second mortgage for an amount not exceeding the difference between the H.O.L.C. loan and the appraised value and thereafter completes the loan its consent and approval are to be inferred. This conclusion is fortified by numerous cases holding such second mortgages valid where H.O.L.C. had notice before closing the loan of the intention of the borrower and the mortgagee to make settlement in this manner." Citing numerous authorities.

In the instant case it was stipulated by the parties that the two notes in question were executed by appellants as part of the purchase price paid for the property in controversy, and that in the assignment of the note for $684 to the H.O.L.C. particular reference was made to the $171 note as being second and inferior to the $684 note transferred to the H.O.L.C. Under these facts it must be held that prior to the assignment of said $684 note to H.O.L.C., the Company had knowledge of the existence of said second lien, and the fact that it was included in the proposed plan for refinancing the property in controversy and, from the Company's knowledge of these facts, its approval of the loan and the value at which the property was appraised, including the second lien note, must be inferred.

█ Under these facts, we think the second lien note for the sum of $171 was a valid and binding obligation of appellants and that the trustee's deed conveying the property in controversy to appellee, E. J. Jarrard, was valid and that the title to such property is now vested in him.

Appellees raise the additional point that, while appellants' pleadings are in form of trespass to try title, they admit in stipulated statement of facts that, prior to the sale of the property in controversy under the terms of the deed of trust given to secure the payment of the note for the sum of $171 said note was delinquent to the extent of $150, and that appellee had paid the balance due on said $684 note to H.O.L.C., and all delinquent taxes due thereon, and that appellee, E. J. Jarrard, had been in possession of said property, through tenants, since August, 1939.

█ It is the settled law in this state that, in an action by a vendee out of possession to recover land of which he has been allegedly wrongfully deprived by vendor, the vendee cannot recover possession thereof without paying the purchase money due vendor, even though the debt is barred by limitation. Campdera et al. v. Reed et

al., Tex.Civ.App., 131 S.W.2d 297, error refused, and authorities there cited.

The only evidence before the court in the instant case was the agreed statement of facts wherein it was stipulated that various sums were due on the purchase price of this property and that these sums had been paid by appellee. No offer of payment of these sums was made by appellants. It was further stipulated that R. B. Bell and wife, Clomie Bell, were in possession of said property as the tenants of appellee, E. J. Jarrard.

It follows that the judgment of the trial court must be in all things affirmed.

Affirmed.