Capital Reserve Corporation v. Rose Mae Day

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-264-CV

CAPITAL RESERVE CORPORATION APPELLANT

V.

ROSE MAE DAY APPELLEE

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This is an appeal from a nonjudicial foreclosure sale of realty wherein the seller, Capital Reserve Corporation (“Capital”), complains in two issues that the trial court erred in granting summary judgment in favor of the perspective buyer, Rose Mae Day (“Day”), because (1) the statute of frauds does not apply to the sale in issue and (2) in any event, Capital could assert promissory estoppel as an affirmative defense to the statute of frauds’ requirements.  We affirm.

II.  Factual and Procedural Background

Capital listed a notice of foreclosure for real property at 6529 Banbury, Forest Hill, Texas (“Property”), to be sold to the highest bidder for cash on June 4, 2002 between 11 a.m. and 1:00 p.m. on the steps of the Tarrant County Courthouse.  Day and her agent Dayla Bishop (“Bishop”) attended the foreclosure sale, and Bishop was authorized on Day’s behalf to bid on the property and to “enter into agreements to facilitate any purchase of the Property that might occur at the foreclosure sale date of June 4, 2002.”  Bishop bid $34,000.00 for the Property and asked Michelle Cadwell (“Cadwell”), trustee for the Property, if she could have thirty minutes to return with the purchase money, to which Cadwell agreed.  Shortly thereafter, Bishop returned, declined to purchase the Property, and Cadwell was unable to complete another sale to the second or third highest bidder.

Because of Day’s failure to purchase the property, Capital sued her for specific performance.  Day asserted the statute of frauds as an affirmative defense to Capital’s cause of action, to which Capital asserted promissory estoppel.  On June 25, 2003 the trial court granted a summary judgment to Day that Capital take nothing in its suit.  This appeal resulted.

III.  Law and Application to Facts

Capital argues in its first point that the statute of frauds is inapplicable to  nonjudicial foreclosure sale auctions because the statutory requirements related to a foreclosure sale found in the Texas Property Code section 51.002 
were followed.  
Tex. Prop. Code 
§ 51.002 (Vernon Supp. 2004-05).  The statute of frauds contained in Texas Business and Commerce Code section 26.01 requires that a contract for the sale of real property be in writing and be signed by the person to be charged with the agreement. 
 Tex. Bus. & Com. Code Ann.
 § 26.01 (Vernon 2002).  There is no statutory exception for realty purchased at a foreclosure sale.  
Id
.  Further, beginning in the nineteenth century, Texas courts have held that the statute of frauds does apply to foreclosure sales.  
Brock v. Jones
, 8 Tex. 78 (1852); 
Kirkman v. Amarillo Savings Ass’n of Amarillo
, 483 S.W.2d 302, 307 (Tex. Civ. App.—Amarillo 1972, writ ref’d n.r.e.); 
Coffman v. Brannen
, 50 S.W.2d 913, 914 (Tex. Civ. App.—Amarillo 1932, no writ); 
Shaeffer v. Smyth
, 49 S.W.2d 851, 854 (Tex. Civ. App.—El Paso, 1932, 
aff’d in part, rev’d in part
, 78 S.W.2d 935); 
Rugely v. Moore
, 54 S.W.379, 379-80 (Tex. Civ. App.—1899, no writ). 
See also Campdera v. Reed
, 131 S.W.2d 297, 300 (Tex. Civ. App.—Amarillo 1932, no writ) (indicating that the statute of frauds would protect a sheriff who failed to comply with an oral bid at a foreclosure sale).  It is not disputed that the elements of the statute were not met—no writing was signed by Day for the purchase of the Property.  Further,

The writing [of] his name as the highest bidder in the memorandum of sale by the auctioneer immediately on receiving his bid and knocking down the hammer is a sufficient signing of the contract within the statute of frauds so as to bind the purchaser.  Entering the name of the buyer by the auctioneer in his book is just the same thing as if the buyer had written his own name.  The purchaser who bids and announces his bid to the auctioneer gives the auctioneer authority to write down his name, and the authority to the agent need not be in writing.  But the auctioneer must make some entry or memorandum in writing of the name of the purchaser and the terms of the sale in order to save the contract, as to the purchaser, from the operation of the statute of frauds.  The contract must be evidenced by some memorandum thereof in writing, and signed by the party to be charged therewith, or some person by him thereunto lawfully authorized.  No such entry or memorandum appears to have been made by the auctioneer in the present case.  The contract was not, therefore, obligatory upon the purchaser, and unless it had been so at the time he could not be compelled afterwards to accept a conveyance and pay the purchase-money.

Brock
, 8 Tex. 78-9.  Therefore, the statute of frauds is applicable, and Capital’s first point is overruled.

In its second issue, Capital asserts promissory estoppel as an affirmative defense to the requirements of the statute of frauds, that is, that an oral contract within the statute of frauds may be enforced under this doctrine.  
See Moore Burger, Inc. v. Phillips Petroleum Co.
, 492 S.W.2d 934, 937-38 (Tex. 1972).  Promissory estoppel requires that there was a promise by Day to put the oral agreement into writing that complies with the statute and that Capital foreseeably relied on the promise to put the agreement in writing to its detriment.
  English v. Fischer
, 660 S.W.2d 521, 524 (Tex. 1983);
 Choi v. McKenzie, 
975 S.W.2d 740, 743 (Tex. App.—Corpus Christi 1998, pet. denied); 
Levine v. Loma Corp
., 661 S.W.2d 779, 781 (Tex. App.—Fort Worth 1983, no writ).

The testimony of Day’s agent was that she was instructed by Day “to enter into agreements to facilitate any purchase of the property.“  Capital asserts that this was evidence of a “promise” by Day.  Capital further argues that the bid on the property was also a “promise” by Day.  While it is questionable whether the instruction to her agent was a “promise” by Day to put the oral agreement in writing in conformance with the statute of frauds, it is a “promise” made between Day and her agent, and not between either of them and Capital, to whom no promise was made.  Because Day did not make this “promise” to Capital, Capital cannot have relied on the instruction to the agent to Capital’s detriment, and Capital cannot state a claim for promissory estoppel based on this “promise.”  
See Liu v. City of San Antonio
, 88 S.W.3d 737, 743 (Tex. App.—San Antonio 2002, pet. denied).  Further we hold that an oral bid at auction is not a “promise” to reduce an oral agreement to a writing that conforms to the requirements of the statute of frauds.  A bid is a promise to pay money, not a promise to execute a writing conforming to the statute of frauds.  Therefore an element of the promissory estoppel defense has not been met and the defense is without merit.  Capital’s second issue is overruled. 

Having overruled Capital’s issues, we affirm the trial court’s judgment. 

BOB MCCOY

JUSTICE

PANEL B: HOLMAN, WALKER, and MCCOY, JJ.

DELIVERED:  December 2, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.