COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-264-CV
 
 
CAPITAL 
RESERVE CORPORATION                                          APPELLANT
 
V.
 
ROSE 
MAE DAY                                                                       APPELLEE
 
 
------------
 
FROM 
THE 96TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        This 
is an appeal from a nonjudicial foreclosure sale of realty wherein the seller, 
Capital Reserve Corporation (“Capital”), complains in two issues that the 
trial court erred in granting summary judgment in favor of the perspective 
buyer, Rose Mae Day (“Day”), because (1) the statute of frauds does not 
apply to the sale in issue and (2) in any event, Capital could assert promissory 
estoppel as an affirmative defense to the statute of frauds’ 
requirements.  We affirm.
II. Factual and 
Procedural Background
        Capital 
listed a notice of foreclosure for real property at 6529 Banbury, Forest Hill, 
Texas (“Property”), to be sold to the highest bidder for cash on June 4, 
2002 between 11 a.m. and 1:00 p.m. on the steps of the Tarrant County 
Courthouse. Day and her agent Dayla Bishop (“Bishop”) attended the 
foreclosure sale, and Bishop was authorized on Day’s behalf to bid on the 
property and to “enter into agreements to facilitate any purchase of the 
Property that might occur at the foreclosure sale date of June 4, 2002.”  
Bishop bid $34,000.00 for the Property and asked Michelle Cadwell (“Cadwell”), 
trustee for the Property, if she could have thirty minutes to return with the 
purchase money, to which Cadwell agreed.  Shortly thereafter, Bishop 
returned, declined to purchase the Property, and Cadwell was unable to complete 
another sale to the second or third highest bidder.
        Because 
of Day’s failure to purchase the property, Capital sued her for specific 
performance. Day asserted the statute of frauds as an affirmative defense to 
Capital’s cause of action, to which Capital asserted promissory 
estoppel.  On June 25, 2003 the trial court granted a summary judgment to 
Day that Capital take nothing in its suit.  This appeal resulted.
III. Law and 
Application to Facts
        Capital 
argues in its first point that the statute of frauds is inapplicable to 
nonjudicial foreclosure sale auctions because the statutory requirements related 
to a foreclosure sale found in the Texas Property Code section 51.002 were 
followed. Tex. Prop. Code § 51.002 (Vernon Supp. 
2004-05).  The statute of frauds contained in Texas Business and Commerce 
Code section 26.01 requires that a contract for the sale of real property be in 
writing and be signed by the person to be charged with the agreement. Tex. Bus. & Com. Code Ann. § 26.01 
(Vernon 2002).  There is no statutory exception for realty purchased at a 
foreclosure sale.  Id.  Further, beginning in the nineteenth 
century, Texas courts have held that the statute of frauds does apply to 
foreclosure sales.  Brock v. Jones, 8 Tex. 78 (1852); Kirkman v. 
Amarillo Savings Ass’n of Amarillo, 483 S.W.2d 302, 307 (Tex. Civ. 
App.—Amarillo 1972, writ ref’d n.r.e.); Coffman v. Brannen, 50 S.W.2d 
913, 914 (Tex. Civ. App.—Amarillo 1932, no writ); Shaeffer v. Smyth, 49 
S.W.2d 851, 854 (Tex. Civ. App.—El Paso, 1932, aff’d in part, rev’d in 
part, 78 S.W.2d 935); Rugely v. Moore, 54 S.W.379, 379-80 (Tex. Civ. 
App.—1899, no writ).  See also Campdera v. Reed, 131 S.W.2d 297, 
300 (Tex. Civ. App.—Amarillo 1932, no writ) (indicating that the statute of 
frauds would protect a sheriff who failed to comply with an oral bid at a 
foreclosure sale).  It is not disputed that the elements of the statute 
were not met—no writing was signed by Day for the purchase of the 
Property.  Further,
  
The writing [of] his name as the highest bidder in the memorandum of sale by the 
auctioneer immediately on receiving his bid and knocking down the hammer is a 
sufficient signing of the contract within the statute of frauds so as to bind 
the purchaser.  Entering the name of the buyer by the auctioneer in his 
book is just the same thing as if the buyer had written his own name.  The 
purchaser who bids and announces his bid to the auctioneer gives the auctioneer 
authority to write down his name, and the authority to the agent need not be in 
writing.  But the auctioneer must make some entry or memorandum in writing 
of the name of the purchaser and the terms of the sale in order to save the 
contract, as to the purchaser, from the operation of the statute of 
frauds.  The contract must be evidenced by some memorandum thereof in 
writing, and signed by the party to be charged therewith, or some person by him 
thereunto lawfully authorized.  No such entry or memorandum appears to have 
been made by the auctioneer in the present case.  The contract was not, 
therefore, obligatory upon the purchaser, and unless it had been so at the time 
he could not be compelled afterwards to accept a conveyance and pay the 
purchase-money.

Brock, 
8 Tex. 78-9.  Therefore, the statute of frauds is applicable, and 
Capital’s first point is overruled.
        In 
its second issue, Capital asserts promissory estoppel as an affirmative defense 
to the requirements of the statute of frauds, that is, that an oral contract 
within the statute of frauds may be enforced under this doctrine.  See 
Moore Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934, 937-38 (Tex. 
1972).  Promissory estoppel requires that there was a promise by Day to put 
the oral agreement into writing that complies with the statute and that Capital 
foreseeably relied on the promise to put the agreement in writing to its 
detriment.  English v. Fischer, 660 S.W.2d 521, 524 (Tex. 1983); Choi 
v. McKenzie, 975 S.W.2d 740, 743 (Tex. App.—Corpus Christi 1998, pet. 
denied); Levine v. Loma Corp., 661 S.W.2d 779, 781 (Tex. App.—Fort 
Worth 1983, no writ).
        The 
testimony of Day’s agent was that she was instructed by Day “to enter into 
agreements to facilitate any purchase of the property.“  Capital asserts 
that this was evidence of a “promise” by Day. Capital further argues that 
the bid on the property was also a “promise” by Day.  While it is 
questionable whether the instruction to her agent was a “promise” by Day to 
put the oral agreement in writing in conformance with the statute of frauds, it 
is a “promise” made between Day and her agent, and not between either of 
them and Capital, to whom no promise was made.  Because Day did not make 
this “promise” to Capital, Capital cannot have relied on the instruction to 
the agent to Capital’s detriment, and Capital cannot state a claim for 
promissory estoppel based on this “promise.”  See Liu v. City of San 
Antonio, 88 S.W.3d 737, 743 (Tex. App.—San Antonio 2002, pet. 
denied).  Further we hold that an oral bid at auction is not a 
“promise” to reduce an oral agreement to a writing that conforms to the 
requirements of the statute of frauds.  A bid is a promise to pay money, 
not a promise to execute a writing conforming to the statute of frauds.  
Therefore an element of the promissory estoppel defense has not been met and the 
defense is without merit.  Capital’s second issue is overruled.
        Having 
overruled Capital’s issues, we affirm the trial court’s judgment.
   
  
    
                                                                  BOB 
MCCOY
                                                                  JUSTICE
   
   
PANEL 
B:   HOLMAN, WALKER, and MCCOY, JJ.
 
DELIVERED: 
December 2, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.