**MONSANTO COMPANY, Petitioner,**

**v.**

**Victor U. MILAM, Respondent.**

**No. B–3426.**

Supreme Court of Texas.

May 2, 1973.

Rehearing Denied June 6, 1973.

Butler, Binion, Rice, Cook & Knapp, Tom Alexander and Robert C. Floyd, Houston, for petitioner.

Helm, Jones & Pletcher, David H. Burrow and Michael A. Moriarty, Houston, for respondent.

DANIEL, Justice.

In this personal injury action by Victor U. Milam, plaintiff, against Monsanto Company and one of its employees, Herbert Hutson, the plaintiff specifically alleged that his serious burns and injuries occurred because "Herbert Hutson acting in the course of his employment for the defendant, Monsanto Company, carelessly and negligently permitted highly volatile gases to escape" into the area where plaintiff was working. This was the only spe-

cific act of negligence alleged against the defendants. It was followed by a general allegation: "The incident made the basis of this suit was proximately caused by the negligence of the defendants."

The jury answered "no" to the question of whether Herbert Hutson permitted gas to escape as alleged by plaintiff, but it answered "yes" to ten other questions inquiring whether Monsanto was negligent with regard to acts or omissions which were not specifically pleaded. Judgment was rendered for plaintiff against defendant Monsanto, but not against defendant Hutson, in the amount of $83,750.00. Monsanto appealed and the Court of Civil Appeals affirmed. 480 S.W.2d 259.

The principal issues before us are whether plaintiff's pleadings were sufficient to support a judgment based on the jury's findings of negligence on the part of Monsanto, and if not, whether Monsanto's objections to submission of the special issues were sufficient under Rule 274.[1] The Court of Civil Appeals held that plaintiff's pleadings were deficient but that Monsanto's objections to the issues did not distinctly point out the defects. We agree and affirm.

The facts are detailed in the opinion of the Court of Civil Appeals. On March 15, 1966, plaintiff Milam suffered second-degree burns over approximately 15% of his body due to an explosion and fire at Monsanto's Chocolate Bayou Plant. The portion of plaintiff's petition alleging the basis of the defendants' liability was in the following language:

"At the time of the occurrence of March 15, 1966, at or about the hour of 7:30 o'clock p.m., out of which this suit arises, your plaintiff was working in the course and scope of his employment for A. A. Pruitt Contractor, at Monsanto's Chocolate Bayou Plant, located approximately twelve miles south of Alvin, in Brazoria County, Texas. Defendant,

Herbert Hutson, acting in the course and scope of his employment for the defendant, Monsanto Company, carelessly and negligently permitted highly volitale [sic] gases to escape into the area where plaintiff and his fellow employees were working, thereby causing an explosion and fire inflicting serious and painful injuries and burns to various parts of plaintiff's body. The incident made the basis of this suit was proximately caused by the negligence of the defendants."

The defendants did not except to this pleading. Neither did they object to most of the evidence which tended to show that Monsanto employees other than Hutson were involved in and responsible for the acts or omissions inquired about in the first ten special issues. These ten issues inquired whether "the defendant, Monsanto Company" (1) issued a fire permit to the A. A. Pruitt employees, authorizing work with a cherry picker crane, at a time when an ordinary prudent person, in the exercise of ordinary care, . . . would not have issued same; (2) untimely tested the 19 PIC–5 valve; (3) failed to stop the work being performed by plaintiff's crew before testing the valve; and (4) failed to warn plaintiff that they were going to test the valve; whether either of the latter two "failures," if any, "was negligence"; and whether either of the enumerated acts or omissions was "a proximate cause of the occurrence made the basis of this suit." All of these first ten issues were answered in the affirmative. There was evidence, unobjected to by defendants, which reasonably support such answers.

Special Issue No. 11, the only one which made an inquiry in substantially the language of plaintiff's pleading, was submitted as follows:

"Do you find from a preponderance of the evidence that at the time of and on the occasion in question the defendant, Herbert Hudson, [sic] permitted gas to

---

1. All Rule references are to the Texas Rules of Civil Procedure.

escape into the area where plaintiff was working?"

That issue was answered in the negative. The defendants objected to this and each of the first ten issues on the basis, among numerous others, that there was no pleading by plaintiff to support its submission. The plaintiff did not file, nor request permission to file, a trial amendment under Rule 67. Defendants' objections were overruled.

■■■ We agree with the Court of Civil Appeals that plaintiff's pleading that defendant Hutson negligently permitted the gas to escape was a specific allegation of negligence on the part of Hutson and on the part of Monsanto through its employee, Hutson. We construe the general allegation that the "incident made the basis of this suit was proximately caused by the negligence of the defendants" as referable to and controlled by the preceding specific allegation. The specific allegation controls over the general allegation. See Universal Atlas Cement Company v. Oswald, 138 Tex. 159, 157 S.W.2d 636 (1941); Rankin v. Nash-Texas Company, 129 Tex. 396, 105 S.W.2d 195 (1937); Weingartens, Inc. v. Price, 461 S.W.2d 260 (Tex.Civ.App.1970, writ ref. n. r. e.). For the same rule in workmen's compensation and other cases, see Matthews v. General Accident Fire & Life Assurance Corp., 161 Tex. 622, 343 S.W.2d 251 (1961); Harkey v. Texas Employers' Ins. Ass'n., 146 Tex. 504, 208 S. W.2d 919 (1948); and Lewis v. Hatton, 86 Tex. 533, 26 S.W. 50 (1894).

Since Monsanto neither excepted to the petition nor objected to proof of acts or omissions not specifically pleaded but inquired about in the first ten issues, this brings us to the question of whether Monsanto complied with Rule 274 in making its objections to the submission of such issues. Rule 274 provides in part as follows:

"A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Any complaint as to an instruction, issue, definition or explanatory instruction, on account of any defect, omission, or fault in pleading, shall be deemed waived unless specifically included in the objections. Where the objection made by the complaining party, or an instruction, issue, definition, or explanatory instruction requested by him, is in the opinion of the appellate court obscured or concealed by voluminous unfounded objections, minute differentiations or numerous unnecessary requests, such objection or request shall be untenable."

Monsanto made over 150 objections covering 42 pages of the transcript. To each of the negligence and proximate cause issues, including Special Issue No. 11, Monsanto began with the following general stock objections:

The Defendants, Monsanto Company and Herbert Hutson, object to the submission of Special Issue No. —— for the following reasons:

a. There is no evidence to support the submission of said issue, or, in the alternative, the evidence is insufficient to support the submission of said issue;

b. There are no pleadings to warrant the submission of said issue, or, in the alternative, the pleadings are insufficient to warrant the submission of said issue;

c. An affirmative answer to said issue would be so great and overwhelmingly against the preponderance of the evidence as to be manifestly unjust;

d. There are no findings of fact which would raise a duty on the part of the defendant in regard to such issue;

Each of this series was followed by from four to ten other objections, all of which were overruled by the trial court. The soundness or seriousness of these other objections, and the trial court's action thereon, are not made the basis of any complaint in this Court. Instead, Monsan-

to singles out from the voluminous objections and distinctly expands and particularizes on the one general objection that there "are no pleadings to warrant the submission," which was leveled at each of the issues.

■ Thus, the fault in the issues—that they did not confine their inquiries to Monsanto's alleged negligence through the agency of its employee, Hutson, as plaintiff's pleading had so limited the "field of battle," is distinctly pointed out to the appellate courts, but this was not done in the trial court. In the forum which was required to make a judgment call on more than 150 objections while a jury waited for submission of the charge, it was essential under the circumstances of this case that Monsanto do more than level the general stock objections of "no pleadings" and "insufficient pleadings." One of the purposes of Rule 274 was to discourage the use of these general stock objections, and those used by Monsanto and here under review have been specifically discouraged and held to be insufficient when standing alone. 3 McDonald, Texas Civil Practice, Sections 12.29.1–12.29.3; Hodges, Special Issue Submission in Texas, Sections 62–64; 1 Texas Pattern Jury Charges 25; and General Commentary under Rule 274, 2 Vernon's Texas Rules of Civil Procedure, 607–608. See also cases hereinafter cited.

If Monsanto had objected in the trial court on the ground that plaintiff's pleading alleged only that the defendant Hutson was negligent and that he was negligent in one particular only, that particular being Hutson's placing or permitting gas to escape into the area, and that the court's special issues were not so limited, the trial judge would have had the benefit of the point of objection with which we are now laboring. The trial judge would have then been in a position to halt the giving of the issues in objectionable form. However, if this had happened, there is little doubt but that a trial amendment would have been filed under Rule 67 and the matter laid to rest.

■ Monsanto's objections were too general and too profuse. It cannot be asserted that the trial court, though cognizant of the ground of complaint, nevertheless chose to submit the issues. It follows that defendant's objections were properly overruled. McDonald v. New York Cent. Mut. Fire Ins. Co., 380 S.W.2d 545 (Tex. 1964); Strachan Shipping Co. v. Petty Geophysical Eng. Co., 369 S.W.2d 526 (Tex.Civ.App.1963, writ ref'd n. r. e.); Gulf C. & S. F. Ry. Co. v. Bouchillon, 186 S.W.2d 1006 (Tex.Civ.App.1945, writ ref'd w. o. m.). Also, see texts heretofore cited.

The present case is clearly distinguishable from the circumstances and holding in Harkey v. Texas Employers' Ins. Ass'n., 146 Tex. 504, 208 S.W.2d 919 (1948), where a broad general objection in similar terms was held to be sufficient. In *Harkey*, the plaintiff in a workmen's compensation case specifically alleged one excuse for late filing but failed to allege the only excuse that he proved. Unlike the present case, the record was brief; there was but one basic issue; the variance from the pleadings was certain and obvious; and there was no voluminous series of stock objections which could have concealed "the plainly stated ground" or prevented the trial court from readily discerning the variance complained of. It was only under these stated circumstances that the Court held that "the vice in the charge was sufficiently called to the [trial] court's attention."

Monsanto also asserts that the trial court erred in permitting plaintiff to testify to a hearsay medical opinion contained in the report of his ophthalmologist, Dr. Van Riet, about the effect of his burns upon the condition of his vision. Dr. Van Riet had given plaintiff's attorneys a written report which concluded: "This patient has a marked conjunctival hypervascularization. This condition cannot be due to a burn, but it can be aggravated with burning. Vision is 20/20 in both eyes for near and distance with corrective lenses." Monsanto's attorney, questioning plaintiff from Dr. Van

Riet's report, sought and obtained from plaintiff a hearsay admission that Dr. Van Riet reported to him that he had 20/20 vision in both eyes. Immediately, plaintiff's attorney, holding the same report, asked plaintiff, "in connection with the last question" whether Dr. Van Riet also reported to him the substance of the first two sentences quoted above from the report, and plaintiff answered "Yes." Monsanto objected and moved for a mistrial. We think the Court of Civil Appeals has properly decided this point for the reasons stated in its opinion, and the point of error in this Court is overruled.

Accordingly, the judgments of the courts below are affirmed.

SAM D. JOHNSON, J., not sitting.