A.G. SERVICES, INC. and A.G. Leasing, Inc., Appellants,

v.

PEAT, MARWICK, MITCHELL & CO., Appellee.

No. 01–87–00871–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1988.

Rehearing Denied Oct. 7, 1988.

Jim Flegle, G. Cresswell Templeton, Bracewell & Patterson, Joe M. Kirkham, Kirkham & Siceloff, Houston, for appellants.

Michael S. Wilk, Jay N. Gross, Hirsch & Westheimer, Houston, for appellee.

Before WARREN, SAM BASS and DUNN, JJ.

## OPINION

DUNN, Justice.

Appellants, A.G. Services, Inc. ("Services") and A.G. Leasing, Inc. ("Leasing"), appeal the granting of a take-nothing summary judgment against them on their counterclaims seeking damages from appellee Peat, Marwick, Mitchell & Co. ("PMM"). In its cross-points, PMM appeals the granting of a take-nothing summary judgment against it on its cause of action for malicious prosecution asserted against Services, Leasing, and W.C. Leasure.

A brief history of this litigation is necessary. In the 1950's, Leasure acquired the patent rights to a process for packaging fast-food products and formed Mira–Pak to manufacture and market food processing machines that utilized this process. When Mira–Pak was formed, Leasure was its president and majority stockholder. Leasure used proceeds from Mira–Pak to form Services and Leasing. PMM performed annual audits for Mira–Park from the 1950's to the mid 1970's.

A dispute arose between Mira–Pak and PMM concerning the audits prepared for 1976 and 1977. In their counterclaims, Services and Leasing allege that PMM wrongfully refused to deliver a proper audit opinion, and as a result, Mira–Pak failed to make the required annual filings with the Securities and Exchange Commission, which suspended trading in Mira–Pak's stock. Mira–Pak could not attract investors or acquire credit because of the SEC's action and filed a petition in bankruptcy in April 1979 under 11 U.S.C. §§ 701–728 (1982). Mira–Pak never paid $80,000 allegedly owed to PMM for work done in preparation of the audits for 1976 and 1977.

During 1978 and 1979, both Leasing and Services became holders of promissory notes from Mira–Pak. Leasing and Services hold notes totaling $630,000 and $230,000 respectively. Additionally, Services became the assignee of an agreement entitling it to royalties from the sale of Mira–Pak's food processing machines and acquired 20% of Mira–Pak's outstanding stock.

In 1980, Leasure, Services, and Mira–Pak filed suit against PMM. Services was dismissed from the suit, and the trustee in bankruptcy intervened. Leasure's claim was nonsuited. Subsequently, the trustee, Leasure, Services, and Leasing entered into a partial settlement agreement whereby Leasure, Services, and Leasing agreed to prosecute Mira–Pak's cause of action and receive 50% of any recovery. Appellants then intervened in the suit as assignees of Mira–Pak's cause of action. The trial court granted a take-nothing summary judgment against Leasure, Services, and Leasing on these claims.

PMM then filed suit against Leasure alleging that it had sustained damages because the 1980 suit was groundless and had delayed the disposition of proceeds in bankruptcy court. It further alleged that Services', Leasing's, and Leasure's opposition to its claim in the bankruptcy action was groundless. PMM later added Services and Leasing as defendants. Each defendant filed a counterclaim seeking damages from PMM for the allegedly improper perform-

ance of Mira–Pak's 1976 and 1977 audits. This Court affirmed a take-nothing summary judgment that the trial court granted on Leasure's counterclaim.

PMM then filed a motion for summary judgment contending that Services' and Leasing's counterclaims are barred by res judicata, collateral estoppel, and limitations. Services, Leasing, and Leasure filed motions for summary judgment alleging that PMM had sustained no "special damages." The trial court granted the parties' respective motions.

■ Services and Leasing contend in their fifth and sixth points of error that the trial court erred in granting summary judgment on their counterclaims because they are not barred by the statute of limitations. Appellants filed their counterclaim on June 3, 1986. Services and Leasing did not introduce any summary judgment evidence contradicting PMM's summary judgment evidence that established that their causes of action accrued in 1977. Appellants do not dispute the appellee's contention that the applicable limitations period is two years, and we are not aware of an applicable eight- or nine-year limitations period. Tex.Civ.Prac. & Rem. Code Ann. § 16.003 (Vernon 1986). Nor do they contend that the limitations period was tolled. Relying upon Tex.Civ.Prac. & Rem. Code Ann. § 16.069 (Vernon 1986), Services and Leasing argue that their counterclaims were not barred because:

(a) If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.

(b) The counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required.

We addressed an identical contention when we reviewed the propriety of the granting of the summary judgment on Leasure's counterclaim. *Leasure v. Peat, Marwick, Mitchell & Co.*, 722 S.W.2d 37 (Tex.App.— Houston [1st Dist.] 1986, no writ). This Court held that Leasure's counterclaim seeking damages for the allegedly improper performance of Mira–Pak's audits for the fiscal years 1976 and 1977 did not arise "out of the same transaction or occurrence that is the basis" of PMM's cause of action for malicious prosecution:

The repealed predecessor statute to section 16.069, Tex.Rev.Civ.Stat.Ann. art. 5539c, was enacted to prevent a plaintiff from waiting until an adversary's claim arising from the same transaction was barred by limitation before asserting his own claim. *North American Land Corp. v. Boutte*, 604 S.W.2d 245, 247 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). The very nature of PMM's suit, an action for malicious prosecution, precludes Leasure's counterclaim from arising "out of the same transaction or occurrence."

A cause of action for malicious prosecution requires as one of its elements that the original suit, alleged to have been maliciously commenced, be already asserted and terminated in favor of the party prosecuting the *later* malicious prosecution action. *Martin v. Trevino*, 578 S.W.2d 763, 766 (Tex.Civ.App.—Corpus Christ 1978, writ ref'd n.r.e.). Thus, because Leasure's suit must have been previously prosecuted and terminated in order for PMM's malicious prosecution cause of action to arise, there is no danger that Leasure's claim will be barred by limitations in contravention of the statutory policy.

. . . .

... a malicious prosecution is an abuse of process of court committed by a party to a suit, and does not arise from the underlying transaction or occurrence, but from a party's wrongful conduct. Leasure's action arises from his alleged personal guarantee of Mira–Pak's debt and PMM's alleged conduct in the performance of audits for Mira–Pak. PMM's action arises from Leasure's alleged wrongful conduct. The actions do not

arise from the same transaction or occurrence.

*Id.* at 38–39 (footnote omitted).

The same reasoning is applicable to Services' and Leasing's counterclaims. Their actions arise from PMM's alleged conduct in the performance of the audits for Mira–Pak. PMM's action arises from Services' and Leasing's alleged wrongful conduct. The actions do not arise from the same transaction or occurrence; therefore, section 16.069 is inapplicable, and Services' and Leasing's counterclaims are barred by limitation.

Services' and Leasing's fifth and sixth points of error are overruled.

Services and Leasing contend in their first through fourth points of error that the trial court erred in granting summary judgment because their counterclaims are not barred by res judicata and collateral estoppel. In light of our ruling on points of error five and six that is dispositive of Services' and Leasing's appeal, we do not reach points of error one through four.

PMM claims in its first cross-point that the trial court erred in granting Services', Leasing's, and Leasure's motions for summary judgment. In their motions they alleged that PMM had suffered no "special damages" recoverable in a cause of action for damages arising from the filing of a civil suit. In a supplemental petition, PMM alleged that Services, Leasing, and Leasure interfered with its right to receive a distribution in the bankruptcy action and sought damages for interference with its alleged property interest, injury to its reputation, and attorney's fees incurred in defending the "unwarranted litigation." Services, Leasing, and Leasure attached to their motions an affidavit by Leasure in which he states that he has not seized or caused to be seized any person or property associated with PMM. PMM attached to its responses copies of the testimony and pleadings from the hearing in the bankruptcy court.

Services', Leasing's, and Leasure's motions are in the nature of a special exception that claim that PMM's pleadings fail to state a cause of action. The trial court, however, granted PMM's motion to supplement its pleadings prior to ruling on the motions, thereby giving PMM an opportunity to plead a cause of action. Further, PMM in its response did not object that the basis of the motions was a pleading defect and that the movants' proper complaint was by special exception and waived any complaint thereof. *Farrell v. Crossland,* 706 S.W.2d 158 (Tex.App.—El Paso 1986, writ dism'd); *see also Martin v. Trevino,* 578 S.W.2d 763, 765 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). The issue presented is whether PMM has alleged special injury.

■ An award of damages for the prosecution of a civil suit with malice and without probable cause cannot be recovered unless the party sued suffers some interference with his person or property. *Martin v. Trevino,* 578 S.W.2d at 766; *Pye v. Cardwell,* 224 S.W. 542 (Tex.Civ.App.—Galveston 1915, no writ). A pleading that does not allege some interference with the complainant's person or property fails to state a cause of action for malicious prosecution and is fatally defective. *Martin,* 578 S.W.2d at 766.

■ PMM originally attempted to plead special injury by generally alleging "interference with property." In response to the motions for summary judgment, PMM filed a supplemental petition attempting to allege special injury more specifically as follows:

PMM's damages constitutes a "special injury" under Texas law. Leasure's, A.G. Services', and A.G. Leasing's institution of the State Litigation against PMM substantially interfered with PMM's right to receive funds in the Bankruptcy Action for accounting services rendered to Mira–Pak. Such injury did not result from the mere filing of the State Litigation. Rather, it resulted from actions by Leasure, A.G. Services, and A.G. Leasing in connection with the Bankruptcy Action. Such actions include, but are not limited to, preventing a distribution of funds to PMM in the Bankruptcy Action in November 1983.

Specific allegations control those of a general character; therefore, PMM may not rely upon its general allegation of "interference with property" but is confined to the more specific allegation quoted above. *Richardson v. First Nat'l Life Ins. Co.,* 419 S.W.2d 836 (Tex.1967). Thus, we must determine whether this specific allegation constitutes the pleading of special injury.

Essentially, the allegation asserts that Leasure's, Services', and Leasing's action opposing PMM's claim in bankruptcy court was wrongful and constitutes a special injury. We disagree.

The proceeds claimed by PMM are very much a part of the subject matter of the litigation in the bankruptcy court. PMM does not allege nor contend that Leasure, Services, and Leasing had no right under the Bankruptcy Code to oppose its claim. PMM's allegations in the malicious prosecution cause of action are nothing more than complaints concerning Leasure's, Services', and Leasing's assertion of their right to oppose PMM's claim.

Even if Leisure's, Services', and Leasing's opposition is groundless, their interference with the distribution of the proceeds does not constitute special injury because the proceeds are the subject matter of the bankruptcy litigation. In *Salado College v. Davis,* 47 Tex. 131 (1877), the Texas Supreme Court faced a similar issue. The college sued Davis for damages contending that a dam that he constructed on his property caused springs to overflow their banks. In his answer, Davis alleged that the college's suit was groundless and brought only for the purposes of harassment. He sought damages for the loss of a sale of his land that was caused by the college's suit. The jury found the college's suit to be groundless and awarded Davis damages.

The supreme court reversed the award. The court addressing the injury and damages claimed by Davis in the malicious prosecution suit stated:

This injury or inconvenience results from a resort to the legally-constituted tribunals; and it seems to be the policy of the law to content itself with meting out something less than our ideas of natural justice would demand, rather than to increase the risk attending and discouraging such a resort, and at the same time add to the difficulties and intricacies of ordinary litigation.

This was an ordinary civil suit ... and, if the indirect effect of the suit was to interfere with the sale of the property which was to some extent the *subject-matter of litigation,* this is not such an injury as the law regards or makes actionable.

*Id.* at 136 (emphasis added).

Likewise, Leasure's, Services', and Leasing's opposition to PMM's claim is a resort to a legally-constituted tribunal, and any interference with the *subject matter* of the litigation, i.e., a delay in the distribution of the proceeds, does not constitute injury actionable under the law in a malicious prosecution suit. *Id.* To hold otherwise would discourage creditors from opposing claims in the bankruptcy court.

PMM argues that even if the malicious prosecution cause of action is not viable, nevertheless, its pleadings allege a cause of action for *"prima facie* tort." *"Prima facie* tort" has been defined as "the infliction of an intentional harm without excuse or justification by an act or series of acts which otherwise would be lawful and which results in special damage." *Martin,* 578 S.W.2d at 772–73. Appellant's pleadings specifically allege only the malicious prosecution cause of action and were placed under the heading "malicious prosecution." Further, the *Martin* court concluded that the adoption of such a cause of action was a matter of public policy and is within the province of the Legislature, not the courts.

PMM's first cross-point of error is overruled.

PMM contends in its second cross-point that the trial court erred in overruling its motion to strike Leasure's affidavit from the motions for summary judgment. We do not reach this point of error because the granting of the motions was based on the

lack of the allegation of special injury by PMM.

The judgments are affirmed.