ACCEPTED
01-15-00597-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/18/2015 11:54:50 PM
CHRISTOPHER PRINE
CLERK

**01-15-00597-CV**

**IN THE COURT OF APPEALS
FOR THE FIRST COURT OF APPEALS DISTRICT
HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/18/2015 11:54:50 PM
CHRISTOPHER A. PRINE
Clerk

**LEVENT ULUSAL,
Appellant,
V.
LENTZ ENGINEERING, L C
Appellee.**

**REPLY BRIEF OF APPELLANT, LEVENT ULUSAL**

**ORAL ARGUMENT REQUESTED**

**Daniel Kistler
Daniel Kistler, Attorney at Law
Office Address:
17041 El Camino Real
Ste. 204
Houston, Texas 77058
Mailing Address:
2617C West Holcombe
No. 421
Houston, Texas 77025
Telephone: (713) 855-0827
Facsimile: (866) 352-5124
kistlerattorney@comcast.net**

**ATTORNEY FOR APPELLANT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................... ii

INDEX OF AUTHORITIES ...................................................................... iii

ARGUMENT ......................................................................................... 1

Ulusal Adequately Briefed All Issues on Appeal ...................................... 1

Service and Citation Were Insufficient to Support a Default Judgment
against Ulusal. ..................................................................................... 12

The Law Regarding Amended or Corrected Returns of Citation Cannot
Be Ignored .......................................................................................... 14

Lentz' Pleadings Do Not Support a Judgment Against Ulusal for Fraud. .......... 16

Lentz' Pleadings Do Not Support a Judgment Against Ulusal for
Attorney's Fees. ................................................................................... 16

No Evidence Supported an Award of Damages Against Ulusal. ................... 21

CONCLUSION AND PRAYER FOR RELIEF ........................................... 23

CERTIFICATE OF SERVICE ................................................................. 24

CERTIFICATE OF COMPLIANCE ......................................................... 25

# INDEX OF AUTHORITIES

CASES

A.G. Servs., Inc. v. Peat, Marwick, Mitchell & Co., 757 S.W.2d 503, 507 (Tex.App.-Houston [1st Dist.]1988, writ denied) ....................................17

*Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 793-94 (Tex. App. – Houston [1st Dist.] 1999, no pet.) ................................................4, 19

*Baylor University v. Sonnichsen*, 221 S.W.3d 632, 636 (Tex. 2007)...........20

*Border States Electric Supply of Texas, Inc. v. Coast To Coast Electric, LLC,* Lexis 5681, May 29, 2014, 13-13-00118-CV (Tex. App. – Corpus Christi 2014, pet. denied) ......................................................................25

*C. W. Bollinger Insurance Company v. Fish*, 699 S.W.2d 645, 647 (Tex. App. – Austin 1985, no writ)..................................................................12

*Campdera v. Reed*, 131 S.W.2d 297 (Tex. Civ. App., 1939, writ ref'd n.r.e.) ....................................................................................................................12

*Capitol Brick, Inc. v Fleming Mfg. Co.*, 722 S.W.2d at 401 (Tex. 1986)....13, 20

Choy v. Graziano Roofing of Texas, Inc., 322 S.W.3d 276, 282 (Tex.App.-Houston [1st Dist.] 2009, no pet.) ...........................................................25

*Direct Value, L.L.C. v. Stock Bldg. Supply, L.L.C.*, 388 S.W.3d 386 (Tex. App. – Amarillo 2012, no pet.) ........................................................24, 25

*Gibson v. Cuellar*, 440 S.W.3d 150, 156 (Tex.App.--Houston [14th Dist.] 2013, no pet.)................................................................................................21

*Hercules Concrete Pumping Serv. v. Bencom Management & General Contracting Corp.*, 62 S.W.3d 308 (Tex. App. – Houston [1st Dist.] 2001, pet. denied), ................................................................................................9

*Heritage Gulf Coast Props., Ltd. v. Sandalwood Apts., Inc.*, 416 S.W.3d 642 (Tex. App. – Houston [14th Dist.] 2013, no pet.), ..............................22, 24

*Hofer v. Lavender*, 679 S.W.2d 470, 474 (Tex. 1984) ...............................21

*Inpetco, Inc. v. Texas American Bank/Houston, N.A.*, 729 S.W.2d 300 (Tex. 1987). 16

*In Re: E.R.*, 385 S.W.3d 552, 557 (Tex. 2012)...............................................9

*In the Interest of E.R., J.B., E.G. and C.L., Children*, 385 S.W.3d 552, 556 (Tex. 2012) ...................................................................................6

*Jackson v. Biotectronics, Inc.*, 937 S.W.2d 38, 42 (Tex. App. – Houston [14th Dist.] 1996, no writ) ...............................................................14

*King v. Acker*, 725 S.W.2d 750 (Tex. App. – Houston [1st Dist.] 1988, no writ) ...................................................................................21

Kreighbaum v. Lester, No. 05-06-01333-CV, 2007 WL 1829729, at *2 (Tex.App.-Dallas June 27, 2007, no pet.) (mem. op.)) ...........................26

*Kubovy v. Cintas Corp.*, 2003 WL 21299938, 01-00521-CV; (Tex. App. – Houston [1st Dist.] 2003, no pet.) ...........................................18

*Mitchell v. LaFlamme*, 60 S.W.3d 123 (Tex. App. – Houston [14th Dist.] 2000, no pet.)...........................................................................20

Monsanto Co. v. Milam, 494 S.W.2d 534, 536 (Tex.1973) ...................23, 24

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).......9

*Narmah v. Waller*, 257 S.W.3d 267, 273 n. 1)(Tex. App. – Houston [1st Dist.] 2008, no pet.)...............................................................17

*Onwukwe v. Ike*, 137 S.W.3d 159, 164 (Tex. App. – Houston [1st Dist.] 2008, no pet.)...........................................................................17

*Paramount Pipe & Supply Co, Inc. v. Muhr*, 749 S.W.2d 491 (Tex. 1988).14

iv

Park v. Mem. Health Sys. of E. Tex., 397 S.W.3d 283, 288 (Tex.App.-Tyler 2013, pet. filed) ..................................................................................23

*Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ........................................7

*Primate Construction, Inc. v. Silver*, 884 S.W.2d 151 (Tex. 1994)........10, 11

*Republic Underwriters Ins. Inc. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004)..................................................................................................5

Roark v. Allen, 633 S.W.2d 804, 810 (Tex.1982).........................................14

Taylor Pipeline Constr., Inc. v. Directional Road Boring, Inc., 438 F.Supp.2d 696, 715 (E.D.Tex.2006) ........................................................25

*Transfer Product, Inc. v. Tex Par Energy, Inc.*, 788 S.W.2d 713 (Tex. App. – Corpus Christi 1990, no writ)..........................................................21, 22

Verburgt v. Dorner, 959 S.W.2d 615, 616-17 (Tex.1997) ........................5, 7

*Whallon v. City of Houston*, 462 S.W.3d 146 (Tex. App. – Houston [1st Dist.] 2015, no pet.)................................................................................20

STATUTES

§17.044(a)(3), Tex. Civ. Prac. Rem. Code ................................................7, 14

§38.001, et seq. Tex. Civ. Prac. Rem. Code ...........................................18, 25

Chapter 10, Tex. Civ. Prac. Rem. Code.......................................................25

Chapter 162, Tex. Prop. Code.......................................................................28

RULES

Rule 118, Tex. R. Civ. P. ...................................................................18, 19

Rule 201, Tex. R. Evid .............................................................................8

Rule 30, Tex. R. App. P. .........................................................................17

Rule 38.1(a), Tex. R. App. P. ..................................................................17

Rule 38.1(i), Tex. R. App. P. .................................................................5, 6

Rule 38.9, Tex. R. App. P. .......................................................................16

Rule 45, Tex. R. Civ. P. 47 of the Texas Rules of Civil Procedure..............14

Rule 47, Tex. R. Civ. P. 47 of the Texas Rules of Civil Procedure..............14

## ARGUMENT AND AUTHORITIES

**I.   ULUSAL ADEQUATELY BRIEFED ALL ISSUES ON APPEAL.**

This is an appeal from a default judgment. In its response brief, first Lentz argues that Ulusal waived certain issues on appeal (listed on pages 10 and 11 of its brief) by not providing sufficient citations to the record and to supporting authority.

In his opening brief, Ulusal presented five separate issues on appeal:

I.  Does the record on appeal affirmatively establish that Ulusal was properly served with citation pursuant to §17.044(a)(3), Tex. Civ. Prac. Rem. Code?

II.  Does the record on appeal affirmatively show that Ulusal was amenable to service of citation pursuant to 17.044(a)(3), Tex. Civ. Prac. Rem. Code?

III.  Does the record on appeal affirmatively show that the default judgment taken against Ulusal is supported by Lentz' live pleadings?

IV.  Were any legally sufficient causes of action pled against Ulusal?

V.  Do the pleadings and proof as shown by the record on appeal support a judgment against Ulusal?

Imbedded in these issues on appeal, Ulusal discussed the various points raised within these issues.  Lentz cites to several instances where it claims that some of these subsidiary points or issues were not supported by

1

adequate record citations or citations to authority, as required by Rule 38.1(i), Tex. R. App. P.

"The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included." Rule 38.1(f), Tex. R. App. P.; *Fletcher v. Department of Family and Protective Services*, 277 S.W.3d 58, 63 (Tex. App. – Houston [1st Dist.] 2009, no pet.).

Rule 38.1(i), Tex. R. App. P. sets forth general briefing standards:

"Argument. The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."

"We have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." Verburgt v. Dorner, 959 S.W.2d 615, 616-17 (Tex.1997)). In *Republic Underwriters Ins. Inc. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004), the Texas Supreme Court reversed a finding of waiver of an issue

based on the appellant's citation to a single authority, and that the briefing requirements of Rule 38.1(i), Tex. R. App. P. had been satisfied. [1]

The first objection raised by is that there is no support for any contention that due process rights were violated because Ulusal did not receive actual notice of the lawsuit. In response, Ulusal argues that there is no support in the record for any contention that Ulusal received "actual notice" of the lawsuit, the only reference being the Secretary of State's return which included a statement that the envelope in which notice of the lawsuit was mailed had the following notation ("Return to Sender, Unclaimed, Unable to Forward"). (CR-41).

"A complete failure of service deprives a litigant of due process and a trial court of personal jurisdiction; the resulting judgment is void and may be challenged at any time." *In the Interest of E.R., J.B., E.G. and C.L., Children*, 385 S.W.3d 552, 556 (Tex. 2012). So, even though Ulusal did not cite to this authority in his brief, this case does support the principal that due process requires proper service of citation.

Lentz' objection on this point, while technically accurate, runs contrary to well established case law which requires a liberal application of the Rules of Appellate Procedure, and disfavors waiver due to a procedural

---

[1] Cf., Lentz brief, page 9: "But merely claiming error and then citing a single legal authority fails to satisfy this burden."

defect. *Verburgt v. Dorner*, 959 S.W.3d 615, 616 – 617 (Tex. 1997). "Appellate Rules are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008).

The first eight such instances are listed on pages 10 and 11 of Lentz' response brief. They are:

1. "Construction Owner's (Ulusal's) due process rights were violated because he did not receive actual notice of the lawsuit"

2. "Defect in return renders service improper."

3. "In order for his pleadings to be effective, Draftsman was required to state the precise date when Construction Owner moved to New Jersey"

4. "Failure to plead trustee status deprives the district court of jurisdiction"

5. "Failure to adequately allege all elements of fraud deprives the district court of jurisdiction"

6. "Draftsman failed to adequately plead entitlement to attorney's fees for contract and fraud."

7. "Draftsman's petition failed to comply with fair notice standard"

8. "Draftsman failed to adequately prove damages."

Before discussing these objections to Ulusal's arguments, it should be noted that many of the factual allegations set forth in Lentz' brief, that they not supported in the record. There is nothing in the record to support Lentz' unsupported allegations that Ulusal deliberately refused to claim his mail (e.g., Lentz brief, pages 6 and 7) or that Ulusal fled to New Jersey to avoid paying his or his company's debts (e.g., Lentz brief, 5).[2]

The assertion that "Solidarity Contracting (the other defendant in this case) is no longer in business, and thus, the judgment as to them is only worth the paper on which it is written," (Lentz brief, page 6, footnote 2) is not supported in the record, and is factually incorrect. Ulusal asks this court to take judicial notice, pursuant to Rule 201, Tex. R. Evid., of the records of the Texas Secretary of State, included in Ulusal's Supplemental Appendix, filed herewith. These records, which are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, Rule 201(b)(2), Tex. R. Evid., establish that Solidarity Contracting has continuously been in business since it was first founded in 2008.

---

[2] Regarding footnote 2 to Lentz' brief, I can assure this court that New Jersey is, indeed, a beautiful state.

Returning to Lentz' objections, taking each in its turn, beginning with the first objection, involving constitutional rights being violated, there is no question due process mandates that a party have "notice and opportunity for hearing appropriate to the nature of the case." *In Re: E.R.*, 385 S.W.3d 552, 557 (Tex. 2012), quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). "When notice is a person's due, process which is a mere gesture is not due process." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. at 315 (1950). As for the allegation that there are no citations to the record supporting the factual proposition, Ulusal has repeatedly cited in the record to the returns of citation showing that he received no actual notice of the lawsuit, as he never received the envelope served on him from the Secretary of State.

The second objection raised by Lentz, that a defect in the return of service renders service improper, Ulusal would show that he has cited to numerous cases (pages 11 and 12 of Ulusal's opening brief) in support of his contention that a return of citation, if inaccurate, was invalid. In *Hercules Concrete Pumping Serv. v. Bencom Management & General Contracting Corp.*, 62 S.W.3d 308 (Tex. App. – Houston [1st Dist.] 2001, pet. denied), cited in Ulusal's brief on page 12, this court held:

> Because the return of citation "fails absolutely" to show service on the defendant, Hercules Concrete Pumping Service, Inc., the return was

6

fatally defective. See Barker CATV, 989 S.W.2d at 793; Primate, 884 S.W.2d at 152-53. Proper service not being affirmatively shown, there is error on the face of the record. See Primate, 884 S.W.2d at 153."[3]

This point has been adequately briefed, and is not subject to waiver.t

Next, Lentz complains that Ulusal's argument that a defect in return renders service improper. This issue is extensively argued, with several citations to authority, both in Ulusal's opening brief, and in this reply brief. Lentz' objection on this point is without merit.

The third objection raised by Lentz is that Ulusal presented no authority in support of the argument that: "In order for his pleadings to be effective, Draftsman was required to state the precise date when Construction Owner moved to New Jersey." (Lentz Brief, page 9). The problem with this objection is that it misunderstands, and accordingly, misstates the issue raised by Ulusal.

On pages 13 and 14 of his opening brief, Ulusal argued that the conflict between the statement in Plaintiff's Original Petition that Defendant was, at the time the suit was filed, a resident of Harris County, Texas (CR-4) and the allegation in Lentz' Second Amended Petition that left the state prior to the filing of this lawsuit (CR-21) created a fatal variance or conflict in the pleadings on file that are not rectified in the record. Ulusal has found no

---

[3]   *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.789 (Tex. App – Houston [1st Dist.] 1999, no pet.); *Primate Construction, Inc. v. Silver*, 884 S.W.2d 151 (Tex. 1994).

authority specifically on point. However, it is Ulusal's contention that the rule demanding strict compliance with the Rules of Civil Procedure regarding the service of process to support a default judgment, *Primate Construction, Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994), must include the process by which the Secretary of State is deemed a statutory agent for service the time this lawsuit was filed.

This issue is germane to Ulusal's arguments found at pages 13 – 17 of Ulusal's opening brief concerning whether the Texas Secretary of State was, pursuant to §17.044(3), Tex. Civ. Prac. Rem. Code, Ulusal's statutory agent for service. For the Secretary of State to have been Ulusal's statutory agent of service, Ulusal must have been a nonresident before the lawsuit was filed. §17.044(a)(3), Tex. Civ. Prac. Rem. Code.

> "[T]he ultimate question before us is whether the record affirmatively shows on its face a strict compliance with any statute by which such jurisdiction may be acquired through substitute service. Whitney v. L & L Realty Corporation, 500 S.W.2d 94 (Tex.1973); McKanna v. Edgar, 388 S.W.2d 927 (Tex.1965); Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (1935). In this form of direct attack upon the judgment, no presumptions may be indulged in favor of that judgment. McKanna v. Edgar, supra. Moreover, we may not infer from a pleaded conclusion of law any fact necessary to sustain that conclusion. Campdera v. Reed, 131 S.W.2d 297."[4]

*C. W. Bollinger Insurance Company v. Fish*, 699 S.W.2d 645, 647 (Tex. App. – Austin 1985, no writ). The record here does not make such an

---

[4] *Campdera v. Reed*, 131 S.W.2d 297 (Tex. Civ. App., 1939, writ ref'd n.r.e.)

affirmative showing. The positions taken by Lentz in its Original Petition and Second Amended Original Petition regarding Ulusal's residency are in direct conflict. This issue has been adequately briefed, and Lentz' objection is without merit.

The fourth objection is that Ulusal presented no record citation or authority supporting his argument that the failure to plead trustee status deprived the court of jurisdiction. Argument on this issue is found on pages 17 through 20 (the last three issues on appeal were combined into one argument). This issue has been adequately brief, both in Ulusal's opening brief and in this reply brief. Lentz' objections are without merit.

The fifth objection to the sufficiency of Ulusal's opening brief is to Ulusal's issue that an improperly pled fraud claim cannot support a default judgment. Again, as in the prior objection, this issue was argued on pages 17 through 20 of Ulusal's opening brief. A default judgment cannot rely on inadequately pled causes of action. *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d at 401 (Tex. 1986). This issue has been adequately brief, both in Ulusal's opening brief and in this reply brief. Lentz' objections are without merit.

The sixth objection centers on Lentz' claim that Ulusal failed to provide adequate record citations in support of his argument regarding the

recovery of attorney's fees. On page 18 of his opening brief, Ulusal specifically referenced the Second Amended Petition as being the pleading on which an award of attorney's fees was entered, as well as the final judgment, which awarded joint and several attorney's fees. Ulusal had previously cited to both of these items from the record. (Ulusal's opening brief, pages 6 and 7). This issue has been adequately brief, both in Ulusal's opening brief and in this reply brief. Lentz' objections are without merit.

The seventh objection raised by Lentz to the sufficiency of Ulusal's briefing was with respect to fair notice. As argued in Ulusal's opening brief:

> A plaintiff's petition will support a default judgment if the petition: (1) states a cause of action within the court's jurisdiction, (2) gives fair notice to the defendant of the claim asserted, and (3) does not affirmatively disclose the invalidity of the claim on its face. *Jackson v. Biotectronics, Inc.*, 937 S.W.2d 38, 42 (Tex. App. – Houston [14th Dist.] 1996, no writ).

In *Paramount Pipe & Supply Co, Inc. v. Muhr*, 749 S.W.2d 491 (Tex. 1988), cited in *Jackson v. Biotectronics, Inc.*, 937 S.W.2d at 42, the Court discussed the fair notice requirements when there has been a default judgment.

> Rules 45 and 47 of the Texas Rules of Civil Procedure require that pleadings give fair notice of the claim asserted. Rule 45 mandates

plain and concise language and provides that the fact "[t]hat an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." Rule 47 requires that an original pleading include "a short statement of the cause of action sufficient to give fair notice of the claim involved." The purpose of the fair notice requirement is to provide the opposing party with sufficient information to enable him to prepare a defense. Roark v. Allen, 633 S.W.2d 804, 810 (Tex.1982).

*Paramount Pipe & Supply Co, Inc. v. Muhr*, 749 S.W.2d at 494.

What Ulusal argues is that the Second Amended Original Petition did not give fair notice, as it was inherently misleading with respect to attorney's fees. When, in the body of the petition, there was a request for attorney's fees, it was solely predicated on §38.001, et seq. Tex. Civ. Prac. Rem. Code. (CR-25).

An award of attorney's fee pursuant to Chapter 38, Tex. Civ. Prac. Rem. Code is limited to claims for (1) rendered services, (2) performed labor, (3) furnished material, (4) freight or express overcharges, (5) lost or damaged freight or express, (6) killed or injured stock, (7) a sworn account, or (8) an oral or written contract. §38.001, Tex. Civ. App. Rem. Code. Two

11

causes of action were alleged against Ulusal individually: violations of the Texas Construction Trust Act, and common law fraud. (CR-23 through CR-25). None of the Chapter 38 causes of action allowing for a recovery of attorney's fees were alleged against Ulusal. This issue has been adequately brief, both in Ulusal's opening brief and in this reply brief. Lentz' objections are without merit.

Finally, Lentz objects to Ulusal's point that damages against Ulusal personally were unclear, unsupported by the record, and not supported by any legal authority. Again, Ulusal refers this court to Ulusal's opening brief, pages 17 – 20, and Ulusal's specific responses to Lentz' brief, found below. This issue has been adequately brief, both in Ulusal's opening brief and in this reply brief. Lentz' objections are without merit.

To the extent that this court finds that one or more of Lentz' objections to the sufficiency of Ulusal's brief, then Ulusal respectfully requests that he be granted leave to amend his brief to correct any such deficiencies. Rule 38.9, Tex. R. App. P.; *Inpetco, Inc. v. Texas American Bank/Houston, N.A.*, 729 S.W.2d 300 (Tex. 1987).

**Service and Citation Were Insufficient to Support a Default Judgment against Ulusal.**

This is a default judgment suit in which there is nothing in the record to support any inference that Ulusal received the petition and citation in this

lawsuit at any time prior to judgment being entered.  Lentz states in its brief that Ulusal "refused" delivery," and that he "failed to claim his mail," reaching the "obvious" conclusion that "the petition and citation were sent to Construction Owner's correct address, Construction Owner refused to claim his mail, and the such [sic] mail could not be forwarded because the address was correct."

Ulusal concedes that Lentz' theory is logically possible.  However, it is equally possible that petition and citation were mailed to Ulusal to the 75 Jackson Ave., Pompton Plains, New Jersey  07444, but that the mail was delivered to another, incorrect address, that Ulusal accordingly never received notice of the items being mailed to him, and as such was never served.

Both Lentz' and Ulusal's speculations are just that, a mind experiment, since in this limited appeal, the court is restricted to a review of the record on appeal. Rule 30, Tex. R. App. P.; *Onwukwe v. Ike*, 137 S.W.3d 159, 164 (Tex. App. – Houston [1st Dist.] 2008, no pet.); *Narmah v. Waller*, 257 S.W.3d 267, 273 n. 1)(Tex. App. – Houston [1st Dist.] 2008, no pet.). There is nothing in the record that shows Ulusal refused to accept the citation mailed to him.  There is nothing in the record to show that Ulusal had actual notice actual notice of this lawsuit.

In footnote 4 of Lentz' brief (page 14 of the Lentz brief), Lentz appears to be implying that Ulusal is trying to hide his real address by violating Rule 38.1(a), Tex. R. App. P. by not providing Ulusal's address in the brief. Ulusal is not trying to hide his true address by failing to include it in his brief, in violation of Rule 38.1(a), for the simple reason that Rule 38.1(a) does not require Ulusal to state his address.

> "(a) *Identity of parties and counsel*. The brief must give a complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel, except as otherwise provided in Rule 9.8."

**The Law Regarding Amended or Corrected Returns of Citation Cannot be ignored.**

On page 12 of Ulusal's opening brief, Ulusal describes how the return of citation was amended. In doing so Ulusal properly cited to the citation return as originally filed, but not to the amended citation that is the subject of this argument. Lentz pointed this out at page 16 of its brief. The omitted item, the amended return, is found at CR-40.

Lentz relies on *Kubovy v. Cintas Corp.*, 2003 WL 21299938, 01-00521-CV; (Tex. App. – Houston [1st Dist.] 2003, no pet.) for the proposition that an amended citation was effective though there was no court order authorizing any such amendment. Ulusal reads *Kubovy* differently.

14

In *Kubovy*, the sole issue on appeal was lack of jurisdiction over the defendant due to defective service of process. While in the recitation of the case history the court did state that the citation was amended, there was no issue raised and no discussion of the propriety of the return. The fact that the citation had been amended had no bearing on the outcome of the case, since it was not challenged. It was, at best, dicta.

Lentz argues that its Motion to Retain was a de facto Rule 118, Tex. R. Civ. P. motion requesting permission to amend the return. Lentz also argues that through the order granting the Motion to Retain, the trial court was "implicitly agreeing that such correction would be permitted. (Lentz Brief, page 18). In the motion to retain, Lentz asked the court to retain the case on the court's trial docket in order to allow Lentz time to obtain certificates from the Secretary of State on both defendants, and to have Ulusal's return amended by the process server. Lentz did not request permission to amend the return, and the trial court did not grant permission to amend the return. The requirements of Rule 118, Tex. R. Civ. P. were not met. "Where there is no proof that the trial court allowed the return to be amended, the amended return is disallowed." *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 793-94 (Tex. App. – Houston [1st Dist.] 1999, no pet.).

**Lentz' Pleadings Do Not Support a Judgment Against Ulusal for Fraud.**

Lentz claims that the business records affidavit of Jarrod Aden (CR-46 through CR-58) adequately supported damages under its fraud theory. Ulusal claims, to the contrary, that not only are Lentz' pleadings inadequate to support its fraud claim, but the records it offered to support its damages claim disprove the viability of the fraud claim. The invoices attached to Mr. Aden's affidavit total $48,903.38, while Mr. Aden testifies in his affidavit that the amount due and owing to Lentz, after all just and lawful payments and credits have been allowed, is $38,353.38.

This is clearly an action on a contractual debt that Lentz artfully pled, in the alternative, as a fraudulent inducement claim. As the Court has stated,

> "The viability of Sonnichsen's fraud claim depends upon the nature of the damages he seeks to recover. This analysis is consistent with our holdings that focus the legal treatment of claims on the true nature of disputes rather than allow artful pleading to morph contract claims into fraud causes of action to gain favorable redress under the law."

*Baylor University v. Sonnichsen*, 221 S.W.3d 632, 636 (Tex. 2007).

**Lentz' Pleadings Do Not Support a Judgment Against Ulusal for Attorney's Fees.**

As discussed above, a default judgment cannot rely on inadequately pled causes of action or award damages in excess of those specifically pled.

16

*Capitol Brick, Inc. v Fleming Mfg. Co.*, 722 S.W.2d at 401 (Tex. 1986). Lentz argues that it sufficiently pled a claim for attorney's fees. The cases which Lentz cites to, *Whallon v. City of Houston*, 462 S.W.3d 146 (Tex. App. – Houston [1st Dist.] 2015, no pet.), *Bancservices Group, Inc. v. Strunk & Associates, L.P.*, 2005 WL 2674985 (Tex. App. – Houston [14th Dist.] 2005, no pet.), *Mitchell v. LaFlamme*, 60 S.W.3d 123 (Tex. App. – Houston [14th Dist.] 2000, no pet.) all involve situations in which an answer was filed and the case proceed to judgment; none involved a default judgment.

Ulusal agrees that a claim for attorney's fees found in a prayer for relief is sufficient to support an award of attorney's fees, *Whallon v. City of Houston*, 462 S.W.3d 146 (Tex. App. – Houston [1st Dist.] 2015, no pet.), Ulusal also agrees that a plaintiff need not plead the specific statute under which attorney's fees are sought, provided the party pleads facts which, if true, entitle him to the relief sought. *Id*, at 165; *Gibson v. Cuellar*, 440 S.W.3d 150, 156 (Tex.App.--Houston [14th Dist.] 2013, no pet.).

As discussed above, Ulusal was sued under two specific causes of action: Breach of the Texas Construction Trust Fund Act, §162.001, et seq, Tex. Prop. Code, and common law fraud. Turning first to the fraud claims, Lentz cites to *Transfer Product, Inc. v. Tex Par Energy, Inc.*, 788 S.W.2d 713 (Tex. App. – Corpus Christi 1990, no writ) and *King v. Acker*, 725

S.W.2d 750 (Tex. App. – Houston [1st Dist.] 1988, no writ) in support of his claim that attorney's fees were properly awarded in this case.

Attorney's fees formed a separate element of damages awarded in this case. (CR- 81). After the award of actual damages and prejudgment interest, Lentz was additionally awarded $5,000.00 in attorney's fees, with conditional additional awards in the even of an appeal.

Exemplary damages exist "as an example for the good of the public and to compensate for inconvenience and attorney's fees." *Hofer v. Lavender*, 679 S.W.2d 470, 474 (Tex. 1984). As such, attorney's fees may be added into an award of exemplary damages, if there was such an award. In this case, no exemplary damages were awarded.

In *Transfer Product, Inc. v. Tex Par Energy, Inc.*, *Supra*, the Corpus Christi Court of Appeals recognized the general rule that when requesting an award for exemplary damages, evidence can be presented on the amount of attorney's fees for consideration as to the amount of exemplary damages. *Transfer Product* does not stand for the proposition that a finding of fraud supports a separate award of attorney's fees. As stated above, it is only applicable in the context of the amount of an award of exemplary damages. Since no exemplary damages were awarded, there is no basis for inclusion of attorney's fees as damages arising from the alleged fraud.

18

Lentz also argues that by generally pleading for attorney's fees in its prayer for relief, it met the basic requirements for a valid request for attorney's fees. Such would be the case if that was the only basis on which attorney's fees were sought. Lentz also, specifically, pled for attorney's fees under §38.001, Tex. Civ. Prac. Rem. Code.

In *Heritage Gulf Coast Props., Ltd. v. Sandalwood Apts., Inc.*, 416 S.W.3d 642 (Tex. App. – Houston [14th Dist.] 2013, no pet.), the counter-plaintiff pled for attorney's fees under three specific theories of recovery: (1) pursuant to Chapter 38 of the Civil Practice and Remedies Code, (2) pursuant to Chapter 10 of the Civil Practice and Remedies Code, and (3) as an element of punitive damages. Additionally, the counter-plaintiff sought attorney's fees generally. The counter-plaintiff did not prevail on any of the specific theories that authorized an award of attorney's fees, but did not prevail on any of those specific claims. However, the contract that was at issue contained a prevailing party or "loser pays" provision. The counter-plaintiff argued that since the "loser pays" provision would support an award of attorney's fees, fees were recoverable under the general request for fees.

The court rejected this argument, and held:

Although a general pleading is sufficient to support recovery of fees under any applicable theory, " ' [w]hen a party pleads a specific

19

ground for recovery of attorney's fees, the party is limited to that ground and cannot recover attorney's fees on another, unpleaded ground.' " Id. at 916 (quoting Kreighbaum v. Lester, No. 05-06-01333-CV, 2007 WL 1829729, at *2 (Tex.App.-Dallas June 27, 2007, no pet.) (mem. op.)). Additionally, in a petition, " [t]he specific allegation controls over the general allegation." Monsanto Co. v. Milam, 494 S.W.2d 534, 536 (Tex.1973); see Park v. Mem. Health Sys. of E. Tex., 397 S.W.3d 283, 288 (Tex.App.-Tyler 2013, pet. filed); A.G. Servs., Inc. v. Peat, Marwick, Mitchell & Co., 757 S.W.2d 503, 507 (Tex.App.-Houston [1st Dist.]1988, writ denied).

*Heritage Gulf Coast Props., Ltd. v. Sandalwood Apts., Inc.*, 416 S.W.3d at 659 – 660). The specific allegation controls over the general allegation."
*Monsanto Co. v. Milam*, 494 S.W.2d 534, 536 (Tex.1973).

In the case at bar, Lentz did not plead any causes of action against Ulusal under which recovery of attorney's fees could be had pursuant to Chapter 38, Tex. Civ. Prac. Rem. Code. No other authority was stated in support of an award of attorney's fees. The Texas Construction Fund Trust Act is not one of the enumerated bases for an award of attorney's fees pursuant to §38.001, Tex. Civ. Prac. Rem. Code. The general prayer for

attorney's fees is disregarded, in favor of the specifically pled grounds. It was error to award Lentz attorney's fees from Ulusal.

**No Evidence Supported an Award of Damages Against Ulusal.**

No contract or quasi-contractual claims were alleged against Ulusal. Under both of Lentz' causes of action -- fraud and a violation of the Texas Construction Trust Fund Act the damages were unliquidated.

Lentz claims that the Texas Construction Trust Fund Act's measure of damages are identical to the breach of contract damages that it submitted with its Motion for Default (Affidavit of Jarrod Aden, CR-46 through CR-58). In this, Lentz relies on *Direct Value, L.L.C. v. Stock Bldg. Supply, L.L.C.*, 388 S.W.3d 386 (Tex. App. – Amarillo 2012, no pet.). However, the court in *Direct Value* did not address the proper measure of damages in a Chapter 162, Tex. Prop. Code case.

For that matter, neither did the legislature when it enacted Chapter 162.

"The Act was specifically enacted to serve as a special protection for subcontractors and materialmen when contractors refuse to pay a subcontractor or materialman for labor and materials. Choy v. Graziano Roofing of Texas, Inc., 322 S.W.3d 276, 282 (Tex.App.-Houston [1st Dist.] 2009, no pet.) (citing Taylor Pipeline Constr., Inc.

v. Directional Road Boring, Inc., 438 F.Supp.2d 696, 715 (E.D.Tex.2006)"

*Direct Value, L.L.C. v. Stock Bldg. Supply, L.L.C.*, 388 S.W.3d at 391. In *Choy*, cited above, the trial court awarded damages based on the amount of trust funds that had been received by the defendant as applied to the amount due and payable to the plaintiff. *Id.*, at 295. In *Border States Electric Supply of Texas, Inc. v. Coast To Coast Electric, LLC,* Lexis 5681, May 29, 2014, 13-13-00118-CV (Tex. App. – Corpus Christi 2014, pet. denied), the Corpus Christi Court of Appeals found that damages under the TCFTA had not been proved, as there was no evidence of the amount of payments or loans that would constitute trust funds. *Id.*, at 4.

From these cases it is clear that the measure of damages under the TCFTA is the amount of trust funds, up to the amount of the claim, as opposed to the amount of the claim. Since no evidence was presented on the amount of trust funds to which the TCFTA would apply, no damages can be awarded against Ulusal on that theory of recovery.

Inasmuch as fraud cannot stand as a cause of action given the nature of this case, no actual damages can be awarded under that theory of recovery, either.

## CONCLUSION AND PRAYER FOR RELIEF

In this reply brief, Ulusal has not reargued all of his issues on appeal. To the extent that any issues raised in his opening brief have not been addressed in this reply, Ulusal has not abandoned any of said claims, and reasserts them in their entirety herein. The default judgment entered in this cause was fundamentally defective as the rules governing service and return of citation were not strictly complied with. Lentz' fraud claims are nothing more than an attempt to wrongfully morph a breach of contract claim into a fraud claim, so that defendants and damages not otherwise reachable might be reached. Any claim for damages under the TCFTA was not supported by relevant evidence. Accordingly, Ulusal prays that this court reverse the final judgment entered in this lawsuit, and remand this case to the district court for a trial on the merits.

Respectfully submitted,

**Daniel Kistler**
**Daniel Kistler, Attorney at Law**
**Office Address:**
**17041 El Camino Real**
**Ste. 204**
**Houston, Texas  77058**
**Mailing Address:**
**2617C West Holcombe**
**No. 421**
**Houston, Texas  77025**
**Telephone:  (713) 855-0827**
**Facsimile:  (866) 352-5124**

**kistlerattorney@comcast.net**

**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

On this 18th day of December, 2015, a true and correct copy of the foregoing Reply Brief of Appellant Levant Ulusal was served on all counsel of record and pro se parties by certified mail, return receipt requested, facsimile transmission, electronic transmission and/or hand delivery.

Timothy R. Ploch        via facsimile: (713) 862-7575 and
Linda M. Talbot           email:  lawplochstaff@flash.net
Timothy R. Ploch, P.C.
730 N. Post Oak Rd., Ste 100
Houston, Texas  77024

Keith Livesay
Livesay Law Office
Brazos Suites No. 9
McAllen, TX.  78504
Via email to:  RGVAppellateLaw@yandex.com

                   **/s/ DANIEL KISTLER**

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is computer generated, utilizing Microsoft Word for Mac 2011.  This brief contains 6,010 words, all in 14 pt. type, with the exception of footnotes, which are in 12 pt. type.

**/s/ DANIEL KISTLER**